## WHITLOCK ET AL. VS. KIRKWOOD.

The plaintiff, in his declaration in attachment, claims the amount of the debt sworn to, with interest and "current exchange," on the place where the debt, due on promissory note, is payable; and the writ of attachment commands the sheriff to attach, &c., to satisfy the debt and interest, but is silent as to the exchange: there is not such a variance as will abate the writ.

Nor is there a fatal variance where the affidavit for an attachment claims the interest due upon the debt; and the attachment bond is silent as to such interest.

*Appeal from Lawrence Circuit Court.*

Hon. BEAUFORT H. NEELY, Circuit Judge.

CUMMINS, for the appellant. The pleas in abatement and exceptions to affidavit are merely frivolous.

The exchange was no part of the demand. 2 *H. Bl.* 378; 3 *B. & P.* 335; 10 *Metc.* 375; 2 *McLean* 581.

The contract for exchange is merely what is implied in any contract to pay in a particular place; that is, that the party will pay the value in money in that place. 1 *McLean* 423; *Story Conflict of Laws,* sec. 509, *and notes.*

The reference to exchange is merely made to enable the party to recover it, if anything. 1 *McLain* 522.

The truth of the affidavit cannot be controverted. 4 *Eng.* 378.

BYERS, for appellee. Our statute states that "*the amount of which demand shall be stated in such affidavit.*"

Now the amount of this demand was not stated in the affidavit; because they demanded the *exchange* between the place where paid and New York City, and do not state the amount of

that exchange; therefore, the *amount of the demand* was not stated in the affidavit.

The action by attachment, according to our statute as we understand it, partakes of two distinct characters: is in *rem* and in *personam.* That the attachment clause of the writ is in *rem.* To give jurisdiction to such writ, there must be an affidavit filed, setting forth, with certainty the amount of the demand—and the writ commands the officer to attach sufficient to secure that demand as sworn to, with interest and costs, and if there is no personal service, and the party does not appear so as to make it a proceeding in *personam* judgment cannot be rendered or property condemned to a greater amount than the demand certain as sworn to. Because the court would have no jurisdiction to go beyond the sum certain sworn to.

The proceeding by attachment is in derogation of the common law, and should be construed strictly. *Hughes vs. Martin,* 1 *Ark. Rep.* 388; *Didier vs. Galloway,* 3 *Ark.* 502; *Childress vs. Fowler,* 4 *Eng.* 163. If we apply the rules in this case, the judgment of the Circuit Court must be sustained.

Mr. Justice WALKER delivered the opinion of the Court.

This was an action of debt upon a promissory note, dated 27th of May, 1853, due twelve months after date, for $537 91, and made payable at the office of plaintiffs in New York, where made, "with current rate of exchange on New York."

Farnham, who described himself as agent of the plaintiffs, swears that the debt is due, payable on the 27th May, 1854, with interest from due, and the current exchange on New York, between the place where the same may be paid and that city: that defendant is about to remove himself and his goods and effects out of this State, as affiant was informed, by credible persons having ample opportunities of knowing the facts, and his intentions, and as he has good reason to believe, and does verily believe.

The condition of the attachment bond described the action to

32B

be "for a debt, as sworn to, of $537 91, with current rates of exchange on New York."

The writ of attachment commanded the sheriff to summon the defendant to appear and answer an action of debt for $537 91, with the current rate of exchange thereon, between said county of Lawrence and the City of New York in favor of said city."

This may suffice to show the grounds of variance relied upon by the defendant, who filed two pleas in abatement.

In the first plea, the variance is averred to consist in this: that the plaintiff claims $537 91, with interest and *current exchange at New York*, in his affidavit; and in the writ of attachment, the sheriff is commanded to attach, &c., to satisfy the debt of $537 91, with interest and costs, but is silent as to exchange.

The second plea is for an alleged variance between the affidavit for an attachment, and the attachment bond, and consists in this: that in the affidavit interest is claimed—in the bond it is omitted.

With regard to the first plea, it may suffice to say, that although true, that the omission is made in that part of the writ directing the sheriff to attach, &c., not in the after part of the writ in which the sheriff is commanded to summon the defendant to answer the complaint, there is no variance whatever, and the demurrer should have been sustained.

The ground of objection set up in the second plea, is wholly untenable. It is unnecessary, however, to discuss the questions argued by the counsel, or refer to the decisious upon which they rely, because in a recent case (*Ellis vs. Cossitt et al.*, 14 *Ark.* 222,) the same questions were raised, and the same cases cited and relied upon, and it was there held, that defects of this class were not sufficient to abate the writ.

The Circuit Court erred in overruling the plaintiff's demurrer to the defendants' pleas in abatement; and for this error, the judgment must be reversed, and the cause remanded for further proceedings therein to be had according to law.