## WRIGHT AND WIFE *vs.* SNEDECOR.

[ACTION COMMENCED BY ATTACHMENT TO ENFORCE LIABILITY CF SEPARATE ESTATE OF NON-RESIDENT MARRIED WOMAN FOR DEBTS CONTRACTED UNDER SECTION 2376 OF REVISED CODE.]

1. *Attachment; variance between cause of action stated in affidavit, &c., and that stated in complaint; how may be taken advantage of.*—In an action commenced by attachment, a variance between the cause of action stated in the affidavit and attachment, and the cause of action described in the complaint, may be pleaded in abatement.

2. *Attachment to enforce payment of debt against husband and wife, contracted under section 2376 of the Revised Code.*—Whether or not an attachment can be issued against husband and wife to enforce payment of a debt contracted under section 2376 of the Revised Code, is an open question, which the court will decide when a proper case arises.

APPEAL from Circuit Court of Greene.
Tried before Hon. LUTHER R. SMITH.

THE appellee and his partner, Hutton, now deceased, in their firm name of Snedecor & Hutton, sued out an attachment against appellants, as husband and wife, on an affidavit that said firm had a moneyed demand, the amount of which could be certainly ascertained, to-wit, two hundred and forty-one dollars and thirty cents, due the first day of February, 1868, against the appellants, John V. Wright and Georgia H., his wife; and that they were justly indebted to said Snedecor & Hutton, inclusive of interest, on said moneyed demand to date, (19th of April, 1869,) in the sum of two hundred and sixty-four dollars and forty-four cents; and that said John V. and Georgia H. Wright were non-residents, &c. The attachment, as to

the character and amount of the alleged debt, conforms to the affidavit, and commands the sheriff to attach so much of the estate of said John V. and Georgia H. Wright as would be of sufficient value to satisfy said debt and costs, &c. The sheriff's return states that he had executed the attachment by levying the same on certain lands, describing them as the separate property of the wife, Georgia H. Wright.

The plaintiffs, by their complaint, declared under section 2376 of the Revised Code, on an account for articles of comfort and support, &c., sold to the defendants, as husband and wife, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law. The defendants craved *oyer* of the affidavit and attachment, and pleaded the variance between the cause of action disclosed in the affidavit and attachment and the cause of action described in the complaint, in abatement. To this plea the plaintiffs demurred, and the court sustained the demurrer.

There were various other rulings and a charge of the court to which defendants excepted, which it is not necessary, in the view taken of this case by the court, to notice further. The defendants now appeal, and here assign among other errors, the sustaining of the demurrer to the plea in abatement.

WILEY COLEMAN, and JOHN G. PIERCE, for appellants. 1. There is no law in the State which authorizes an attachment to issue in a court of law against a married woman's separate estate in the first instance.—See *Talliaferro v. Lane*, 23 Ala. 369. Nor is there any law of this State which authorizes an attachment to issue against a married woman in a court of law. It was void.

This proceeding is attempted to be sustained under section 2376 of the Revised Code.

This section has been strictly construed by this court for the protection of the property of married women.

The action spoken of in this section is special and peculiar, and *a different cause of action* from that embraced in

the Code for which attachment may issue at law. If attachments are allowed under this section, it will lead in many instances to consequences fatal to the intention of the framers of the law.

As heretofore such estates have been guarded to the extent that before a sale of the property, there must have been a judgment of the court condemning it, after a trial showing its liability under said section.

If a sheriff can levy on it in the first instance under attachment, in many instances where the property is perishable he can and must sell before court, and before a trial, thereby destroying the separate estate, even if the plaintiff should fail in the action.

No demurrers will be considered except those assigned specially.—Rev. Code, § 2656; also, § 2638. And the court erred in sustaining the demurrer to the 1st, 2d and 3d pleas, as shown by the record and bill of exceptions. *Summerlin v. Dowdle,* 24 Ala. 428; *Chapman v. Spence,* 22 Ala. 588; 1 Chitt. Pl. 254; *Morrison v. Taylor,* 21 Ala. 779; 18 Ala. 395.

The complaint was a total departure from the cause of action disclosed in the affidavit, bond, and writ of attachment. The affidavit disclosed a simple contract debt, for which a married woman is not bound at common law, nor under the law of this State; and it disclosed that Georgia H. Wright was a married woman. It disclosed a cause of action, then, for which she was not bound, although her husband might be, and for which she was not personally liable. In fact, the proceeding in any form of action at law is against her property, and not against her personally.

The question is new in this State; no case in point can be found, where an attachment has been sued out under said section; and if it can be done, it will in many cases put upon the sheriff the difficult task of determining before hand what properly constitutes the separate estate of a married woman. If it can be allowed, the property to be levied on ought to be specified in the writ of attachment.

Under section 2376 of the Revised Code, "the liability of the separate estate is not to be enforced as in cases of

Wright and Wife v. Snedecor.

judgments operating *personalter* by an execution in the sheriff's hands, but by the action through the judgment of the court rendered in that action."—*Ravesies and Wife v. Stoddard*, 32 Ala. 603. This is conclusive to show, that in jthis peculiar action, the sheriff has no right to touch the property of a married woman's separate estate under execution, nor can the action spoken of in said section be enforced in any, until there is a judgment of the court condemning the property. If this action can not be enforced by *execution in the hands of a sheriff*, it can not be enforced by attachment in the first instance.

R. CRAWFORD, *contra.*—1. The action of the circuit clerk in granting the attachment on the affidavit alleged to be insufficient can not be reviewed in the appellate court.

When a statement is required in no prescribed form as a predicate for the action of a court or judge, and as a step in a remedial proceeding, conclusive upon no right of the party, whether that statement shall be more or less specific and definite, must be regarded as a matter of practice resting in the discretion of the court of original jurisdiction, and not a proper subject for a proceeding in error. *Harrison & Wiley v. King, Corey & Howe*, 9 Ohio St. R. 388, p. 393.

2. The ground for an attachment may be stated in the affidavit in the language of the statute, without specifying more particularly the facts intended to be alleged.—*Coston v. Paige*, 9 Ohio St. R. 397; *Rayburn v. Brockett & Brockett*, 2 Kansas, 227.

3. If the affidavit in the case show enough to call upon the officer to exercise his judgment upon the weight of the evidence in establishing the grounds of the application, the affidavit on a motion to set aside the attachment for irregularity will be held sufficient. The same applies to a plea in abatement by analogy.—*Furman et al. v. Walter, &c.*, 13 How. Pr. R. pp. 856, 349.

4. Other special facts and circumstances are only required in affidavits on application for attachments for damages.—Rev. Code, § 2932.

5. To embody in the affidavit the allegations of the complaint, so as to prevent the alleged variance, requires creditors to swear to conclusions of law ; would, in effect, prevent subsequent amendments of complaint or the filing of additional counts, for fear of new variances.

6. The rule prescribes *in effect* the filing of declaration at commencement of attachment, whereas the Code allows it to be filed within the first three days of the return term.

7. Although no affidavit or bond be filed, unless there is a plea in abatement to the first term, the proceeding is not reversible.—Code, § 2989.

8. As to non-residents, the Code specifically requires certain additional allegations in affidavit.—Code, § 2933.

9. The use of the statutory word " demand," in the affidavit, is generic, and more comprehensive than " debt," or " joint liability," and includes claims on persons or *in rem.*

10. The affidavit need not disclose the evidence of the debt, as a bond or note, or how it accrued.—*Starke v. Marshall,* 3 Ala. 44; *Fleming v. Burge,* 6 Ala. 373.

11. The writ of attachment is for the *estate* of the defendant or defendants, and so run the allegations of the complaint, and there is no material variance between them.

12. Appellee pleads for a liberal construction of this remedial statute, so as to advance its manifest intent. Code, § 2990.

13. It is submitted that there can be no abatement because of defective affidavit.—Code, § 2989.

14. The sheriff levied on said separate estate mentioned in the declaration, and the alleged variance did not mislead him.

15. The defense as to variance is *eminently technical,* and totally destroys the remedy of a creditor against the separate estate of a non-resident married woman.

PECK, C. J.—The court below erred in sustaining the demurrer to the plea in abatement. It is a general rule of pleading, that the declaration must correspond with the process. If the writ discloses one cause of action, and the plaintiff declares on substantially a different cause of ac-

tion, the defendant may plead the variance in abatement. *Summerlin v. Dowdle*, 24 Ala. 428; *Curry & Co. v. Payne, adm'r*, 3 Ala. 154; *Turner et al. v. Brown et al.*, 9 Ala. 866; *Palmer v. Lesne*, *ib.* 743.

Although I have not been able to find, in our Reports, a case in all respects like the present, sustaining a plea in abatement for a variance between the affidavit and attachment and the complaint, I find many cases in principle analogous to it. In the case of *Burt v. Parish*, (9 Ala. 21,) it is decided, that defects in the bond and affidavit made on sueing out an attachment are not available on error, unless the exception has been taken by plea in abatement in the court below. So in *Jones v. Pope*, (6 Ala. 154,) it is held, that the want of a bond and affidavit, in a suit commenced by attachment, must be taken advantage of by plea in abatement. Again, in the case of *Cobb v. Force, Brothers & Co.*, (6 Ala. 460,) the court decides, that in an attachment by one non-resident against another, the affidavit should show that the defendant has not sufficient property within the State of his residence to satisfy the debt, within the knowledge or belief of the person making the affidavit, and if it fails to do this, the defect is sufficient to abate the attachment when pleaded. And in the case of *Roberts v. Burke*, (6 Ala. 348,) it is held, that where a suit is commenced by attachment, the attachment is the initiatory process in the cause, and a variance between it and the declaration can not be reached by a demurrer, thereby clearly intimating that it might be by a plea in abatement. Without citing other cases on this subject, we hold, that a material variance between the cause of action stated in an affidavit and attachment, and that described in the complaint, may be pleaded in abatement. If a variance between the writ and declaration is a good ground for a plea in abatement, there is no good reason why it should not be for a variance between the affidavit and attachment, and the complaint.

In this case, the variance between the cause of action described in the complaint, and that stated in the affidavit and attachment, is manifest and material. That stated in

the affidavit and attachment creates a joint common-law liability against the defendants, to which the coverture is a good defense as far as the wife is concerned; whereas, the cause of action described in the complaint is special and peculiar in its character, and has no existence independent of section 2376 of the Revised Code. By that section, a new action unknown to the common law is given to a creditor, against husband and wife, to enable him, without being compelled to resort to a court of equity, to subject the separate estate of the wife to the payment of his debt, provided it be a debt of the character described in said section of the Code.

The view which is here taken of this question disposes of the case, and renders it unnecessary to decide the others raised by the bill of exceptions. They will probably not arise on another trial. One of these questions is, can an attachment be issued against husband and wife, to enforce the payment of a debt contracted under said section 2376 of the Revised Code? So far as we know, this question has never, before this, been presented in this court for decision, and, as it is a new question, and can not be said to be free from difficulty, and not required to be now decided, we prefer to leave it an open question, to be disposed of when a case arises making its decision necessary. Let the judgment of the court below be reversed, and the cause remanded, &c.