| | |
|---|---|
| 67 | 173 |
| 82 | 538 |

### No. 2013.

### FOCKE, WILKENS & LANGE *v.* HARDEMAN & WATERS.

1. ATTCHMENT.—No presumption will be indulged to support an attachment; every uncertainty therein must be explained, if at all, by the proceedings themselves.

2. SAME—DISSOLVING THE WRIT OF.—Suit was brought on account in favor of John Focke, *Henry* Wilkens and Herman Lange, constituting the firm of Focke, Wilkens & Lange.  An attachment issued in the case on an affidavit that defendants were indebted to John Focke, *John* Wilkens and Herman Lange, composing the firm of Focke, Wilkens & Lange, upon an account having the same amount due, and the same amount to become due, as stated in the petition.  *Held:*

(1) No presumption can be indulged to sustain proceedings by attachment.

(2) The petition being based on a demand due a firm composed of members designated therein, and the affidavit on a demand alleged to be due a firm composed of other and different individuals, the variance was fatal to the proceedings.  The fact that the style of the firm in each instance was the same is immaterial.

(3) The petition can be looked to in order to cure a defective affidavit only, and not when the affidavit is complete and contradicts important averments in the petition; even if the petition be looked to in this case, the contradiction between the petition and affidavit would remain unexplained.

3. SAME.—It is only where a plaintiff's entire right to sue depends on his right to maintain an attachment that the suit must be dismissed with the dissolution of the attachment.

APPEAL from Bosque. Tried below before the Hon. J. M. Hall.

This was an action instituted by Focke, Wilkens & Lange, upon a claim partly due, an attachment issuing at the same time. The attachment was quashed, and the trial upon defendants' plea in reconvention resulted in a judgment for nine hundred and two dollars and seventy-seven cents, the value of the attached property, in favor of defendants, Hardeman & Waters. The facts are stated in the opinion of the court.

*McLemore & Campbell*, for appellants, that the quashing of the attachment was error, cited Gray & Wallace v. Studeman Brothers, Texas Law Review, volume five, number eight; Prince & Co. v. Turner, Texas Law Review, volume five, number nineteen. As to the right of defendants to a trial upon their plea in reconvention after dismissal of the suit, they cited Cox v. Reinhardt, 41 Texas, 593; Sydnor v. Tothman, 6 Texas, 189; Seeligson v. Hobby, 51 Texas, 147.

*S. H. Lumpkin,* for appellees.

WILLIE, CHIEF JUSTICE. This suit was brought upon an account partly due and partly to become due to John Focke, *Henry* Wilkens and Herman Lange, constituting the firm of Focke, Wilkens & Lange. An attachment was sued out in the case upon affidavit that the defendants were indebted to John Focke, *John* Wilkens and Herman Lange, composing the firm of Focke, Wilkens & Lange, upon an account having the same amount due and the same amount to become due as were stated in the petition. Considered without explanation, the debt sued on and the debt sworn to are different causes of action. An indebtedness to a partnership is an indebtedness to its individual members. Two partnerships may have the same firm name, and yet be composed of different members.

One or more members may go out of a firm, and others take their places, and the partnership name be retained; but the firm is not the same. The debts due to the former partnership are not due to the second, unless made so by transfer or agreement. A suit upon a claim due the one firm would not be supported by proof of a claim due to the other, no more than an allegation of indebtedness due to one man would be supported by proof of a debt due another. A plaintiff can not sue upon one cause of action and have the defendant cited upon another; much less can he obtain a writ of attachment in the suit upon a different demand. The affidavit and bond are the foundation upon which the attachment rests for support. If, therefore, the affidavit claims the attachment upon a demand different from that sued on, it is wholly unauthorized in the particular case.

The writ of attachment in this case recites that it is issued upon a demand of Focke, Wilkens & Lange; but to which firm of that name does it refer, or to which demand—the one sued on in the petition or the one sworn to in the affidavit? If the former, it is not supported by a proper oath; if the latter, it is not accompanied by the petition required in attachment cases. There must be no uncertainty in attachments which is not explained by the proceedings themselves; for no presumptions will be resorted to for the purpose of sustaining them. (Espey v. Heidenheimer, 58 Texas, 662.)

That an important variance between the petition and the affidavit for a writ will vitiate the latter, is well established, and a variance is important when the petition is based upon a demand due to a firm composed of certain members, and the affidavit on a demand due to a firm which is not composed of the same partners. (Drake on Attachment, sec. 36; Wright v. Snedion, 46 Ala., 92.)

But it is said by the appellants that the reference in the affidavit to the petition cures the erroneous statement as to the claims of the firm contained in the former, as these two papers must be construed together. As there is no proof offered upon the trial to show of what persons the firm of Focke, Wilkens & Lange were composed, we have no information as to whether the names of the partners were correctly stated in the petition or in the affidavit. We can not, therefore, say that the statement in the affidavit is erroneous.

It is only in cases of imperfect affidavits that the petition can be called in to their aid, and not when the affidavit is in all

things complete, and contradicts material averments of the petition, as does the one under consideration. Gray & Wallace v. Stedman Brothers, 63 Texas, 95; Huffman v. Hardeman—decided present term. This states the name of the suit, and then avers that the defendants are indebted to John Focke, John Wilkens and Herman Lange, composing the firm of Focke, Wilkens & Lange, plaintiffs in the above entitled cause, referring, of course, to the title given it at the beginning of the affidavit, and stating the amount of the indebtedness, and adding "as will more fully appear from plaintiff's petition on file." What is to appear from the petition is something not fully stated in the affidavit as to the indebtedness of the defendants, such, perhaps, as the contract and circumstances which brought about the indebtedness. These were not necessary to be stated in the affidavit, and their statement adds nothing to its fullness and certainty. But if we do refer to the petition, and treat its allegations as part of the affidavit, we find that this becomes inconsistent and contradictory, and as such can not be the basis of a writ of attachment. We think the court did not err in dissolving the writ.

The dissolution of the attachment did not necessarily dismiss the suit, as the amount alleged in the petition to be due was sufficient to give the court jurisdiction of the cause. It is only where the plaintiff's whole right to sue depends upon his right to obtain an attachment, that the suit falls with the fall of the attachment. But here the plaintiffs claimed a recovery upon a debt of three hundred and forty-six dollars and eighty-one cents, already overdue, and they had the right to pursue that claim to judgment independent of the attachment proceedings, the county court of Bosque county having no jurisdiction of civil suits. They could dismiss their suit if they wished, but this did not prevent the defendants from a trial of the cause upon their plea of reconvention, filed before the dismissal occurred.

It does not appear from the record that the proceeds of the attached goods ordered to be turned over to the defendants upon their giving bond, ever reached the defendants, or that they ever gave the bond required of them. They were therefore entitled to the full amount found by the court in their favor. This sum, however, should be credited with the amount of said proceeds when paid over to them. The judgment below will be so reformed as to allow the appellees a recovery of nine hundred and two dollars and seventy-seven cents, with interest thereon at the

rate of eight per cent per annum from the twenty-second day of January, 1885, and that the proceeds of said sales, now in the hands of the district clerk of Bosque county, less enough to satisfy the costs of the said district court, be paid over to the appellees in part satisfaction of this judgment, and execution issue for the balance, and that the judgment below, thus reformed, be affirmed, and that the appellants pay the costs of this appeal.

*Reformed and affirmed.*

Opinion delivered December 17, 1886.