F. M. MOORE & CO. V. FIRST NATIONAL BANK OF KAUFMAN.

No. 3446.

1. **Attachment—Variance Between Affidavit and the Petition.**—In the petition the note sued on was described as of date December 2, 1890, and due sixty days thereafter, with interest from maturity. The affidavit described it as bearing interest from date. *Held*, the attachment should have been quashed on account of the variance.

2. **Attachment—Practice.**—No presumption will be resorted to in support of any uncertainty in attachment proceedings which is not explained by the record. Focke v. Hardeman, 67 Texas, 175.

APPEAL from Kaufman. Tried below before Hon. ANSON RAINEY. The opinion states the case.

*J. D. Cunningham*, for appellants.—The court erred in not quashing the writ of attachment because of the variance between the affidavit and the original petition in the description of the instrument sued on, and as to date when debt is due. Focke v. Hardeman, 67 Texas, 175; Espey v. Heidenheimer, 58 Texas, 662; Drake on Attach., sec. 36; Wright v. Snider, 46 Ala., 92; Perrill & Fox v. Kaufman & Runge, 72 Texas, 214; Evans & Martin v. Tucker, 59 Texas, 250; Joiner v. Perkins, 59 Texas, 300.

*Manion & Huffmaster*, for appellee.—1. The court did not err in refusing to quash the attachment upon the ground of any supposed variance between the affidavit and the petition, because the petition, the note sued on, and the affidavit were all one and the same pleading, and were parts of each other. Gray & Wallace v. Steedman Bros., 63 Texas, 95.

2. If the petition shows when the debt is due it need not be alleged in the affidavit. Munzenheimer & Klein v. Cloak and Suit Co., 79 Texas, 318.

HOBBY, PRESIDING JUDGE, *Section A.*—The First National Bank of Kaufman brought this suit against F. M. Moore & Co., a mercantile firm, on a promissory note executed by the firm to appellee for the sum of $1020.40. An attachment was sued out by appellee and levied on certain goods and merchandise of appellants. At the January term, 1891, a motion was made to quash the writ of attachment, which was overruled, and judgment was rendered in favor of the plaintiff below, from which this appeal is prosecuted.

The action of the court in overruling the motion to quash is assigned as error, "because there is a variance between the petition and the affidavit in the description of the instrument sued on as to the date when the debt is due, and as to the time the note draws interest;" and

also, "because there is a variance between the amount alleged to be due in the petition and the writ of attachment and the affidavit."

The note sued on is described in the plaintiff's petition, is for $1020.40, dated at Kaufman, Texas, December 2, 1890, and due sixty days after date, "with interest at the rate of 1 per cent per month from maturity until paid, and 10 per cent attorney fees if collected by law," etc. The note is attached as an exhibit to the petition. The affidavit describes it as a note for the same amount, "with interest from December 2, 1890, until paid, at rate of 1 per cent per month," etc. The writ of attachment is issued to satisfy "the sum of $1123.40 and probable costs," etc.

The assignments of error in this case we think are well taken. The affidavit does not describe the same note which the petition alleges constitutes plaintiff's cause of action. While there can be no variance between the allegations in the petition describing the note and the note itself when the latter is made a part of the petition, there may be, and is in this case, a variance between the note set forth in the petition and the note described in the affidavit. The petition describes a note due February 3, 1891, for $1020.40, with interest at the rate of 1 per cent per month from that date (maturity) till paid, and 10 per cent attorney fees. The interest on the note described in the affidavit is at the same rate, but it begins to run from December 2, 1890. This certainly refers on its face to a different note, unless the presumption may be indulged that it has reference to the note sued on.

That no presumption will be resorted to in support of any uncertainty in attachment proceedings which is not explained by the proceedings as disclosed by the record is well settled. Focke, Wilkens & Lange v. Hardeman, 67 Texas, 175. The affidavit in this case is complete in itself. It is not defective merely, and presenting a case where the petition might be looked to, to aid it; it contradicts the averments of the petition descriptive of the note. If the clerk issues the writ for the amount alleged in the petition, it is necessarily for a different sum than that stated in the affidavit. If he followed the petition in this case, and added 10 per cent attorney fees to the principal of the note, $1020.40 alone, the writ issued by him for $1123.40 is too much. If he was governed by the affidavit, and added the interest from December 2, 1890, and 10 per cent attorney fees to the principal and interest, the writ was not for a sufficient sum. The writ does not follow either the petition or affidavit.

We think the attachment should have been quashed, and that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*