# CHARLESTON.

## SIMMONS v. SIMMONS.

Submitted June 2, 1904—Decided October 18, 1904.

1. ATTACHMENT—*Affidavit—Variance.*
    Inconsistency between the claim stated in an affidavit for an attachment and the demand set up in the declaration consti- tutes a variance fatal to the attachment.  (p. 66).

2. ATTACHMENT—*Plea in Abatement—Declaration.*
    Upon a motion to quash the attachment for such variance, the declaration may be resorted to for the purpose of establishing it, and a plea in abatement is not necessary.  (p. 67).

3. ATTACHMENT—*Interlocutory Order.*
    · An order overruling a motion to quash an attachment is in- terlocutory and does not preclude a renewal of the motion.  (p. 69).

3. ATTACHMENT—*Plea in Abatement—Motion to Quash.*
    A plea in abatement to an attachment which sets up only matter of variance, appearing from the declaration and affida- vit without the aid of the plea, accompanied by an oral motion to quash, may be treated as a motion to quash.  (p. 68).

| 56 | 65 |
|---|---|
| c57 | 5 |
| 56 | 65 |
| d58 | 275 |
| 56 | 65 |
| d64 | 42 |

Error to Circuit Court, Roane County.

Action by T. R. Simmons against Z. T. Simmons.  Judgment for defendant, and plaintiff brings error.

*Affirmed.*

WALTER PENDLETON, for plaintiff in error.

SCHILLING & HARPER, for defendant in error.

POFFENBARGER, PRESIDENT:

The principal questions arising upon the record in this case are as follows: First.  Is there a variance, fatal to an attach- ment, when the declaration is founded upon a written contract, binding the defendant conditionally to the payment of money, and the affidavit for the attachment describes the contract as one for unconditional payment of money?  Second.  Should advan- tage of such variance be taken by motion to quash or plea in abatement?  Third.  Can a plea in abatement, setting up the ob- jection, be treated as a motion to quash?  Fourth.  Does the over-

ruling of a motion to quash an attachment preclude the quashing of it upon a renewal of the motion made before the filing of any plea in the case?

In June, 1902, T. R. Simmons commenced an action of *assumpsit* with an attachment in the circuit court of Roane county, against Z. T. Simmons, and, at July rules, 1902, filed his declaration, containing the common counts and one special count, founded upon a contract in writing whereby the said Z. T. Simmons bound himself to pay to the plaintiff the sum of $1,200.00, upon the setting aside, in a chancery suit then pending, of a certain will and a certain deed and the payment by the plaintiff of the defendant's share of the costs in said chancery suit. The last clause of the contract says "but in the event the deed and will is not set aside but held as good then the said Z. T. Simmons is not to pay to T. R. Simmons the said Twelve Hundred Dollars." The attachment affidavit describes the plaintiff's claim as follows: "For the amount due upon a written agreement, dated July 21, 1900, for $1,200.00, payable to the said T. R. Simmons and signed by the said Z. T. Simmons by W. S. Simmons, his attorney in fact." On the 27th day of November, 1902, the defendant, appearing specially, moved to quash the attachment on the ground of insufficiency of the affidavit, and the motion was overruled. On the next day, he tendered a plea in abatement, showing the variance of the affidavit from the declaration, and praying that the attachment be quashed. To the filing of the plea there was objection and the court took time to consider of its judgment. On the 7th day of December, 1903, the court overruled the objection, permitted the plea and a general replication thereto to be filed, entertained a motion to quash, sustained it and quashed the attachment.

The difference between the affidavit and the declaration is very apparent. As the declaration is the basis of the main action, as to which the attachment is a mere ancillary proceeding, the claim or demand set forth in the former must be regarded as the one intended to be enforced. Since the demand set up in the affidavit differs from it, the plaintiff fails to comply with that requirement of the statute which says the affidavit shall state the nature of the plaintiff's claim. It does not state the claim shown by the declaration, but a different claim. It refers to a written contract of the same date as that set forth in the

declaration, but in all other respects, the description of the instrument in the affidavit fails to accord with the contract set out in the declaration. But, as the affidavit purports to state the nature of the demand and states one entirely different from the claim described in the declaration, the result is what the courts term a variance. The two papers are inconsistent. The contract upon which recovery is sought would be admissible as evidence under the declaration, but does not accord with the statement found in the affidavit. In *Summers* v. *Allen,* 44 W. Va. 120, JUDGE BRANNON said: "The cause of action stated in the two papers ought to be the same." This view is fully sustained by the authorities. "A plaintiff may not attach for one cause of action, and having sustained his writ, declare for another." *Hambrick* v. *Wilkins,* 65 Miss. 18; *Ligon* v. *Bishop,* 43 Miss. 527; *Focke* v. *Hardeman,* 67 Tex. 173; *Deering & Co.* v. *Collins,* 38 Mo. App. 80. A leading case on this subject is *Wright* v. *Snedecor,* 46 Ala. 92. The cases uniformly hold that a difference in substance between the declaration and affidavit is fatal, but there are many decisions holding that slight departures will not overthrow the attachment. *De Stafford* v. *Gartley,* 15 Col. 31; *Whitlock* v. *Kirkwood,* 16 Ark. 488; *Evans* v. *Lawson,* 64 Tex. 199. If it be suggested that the affidavit is consistent with the common counts, the reply is that it contains no statement of any claim which could be proven under the common counts. It does not say the plaintiff's claim is one for work and labor, goods, wares and merchandise sold and delivered, money received to the use of the plaintiff or any other claim of similar kind.

How shall the defendant avail himself of the defect? Can the court, on a motion to quash, consider the declaration? No reason for inability to do so is suggested. Though, for some purposes, separate, the attachment grows out of, and depends upon, the main action. It is process out of the main suit, binding the property of the defendant. It cannot be obtained, except at the commencement of the principal action, or subsequent thereto, and, therefore, can have no independent existence. Summons, commencing the action, must be followed by the filing of the declaration, within a specified time, else the entire proceeding fails. It must stand upon them, and as the declartion brings into the record the true nature of the plaintiff's

claim, the defect in the proceeding which quashes the attachment, appears in an instrument that is vital to the existence of that writ. No discussion of this question has been found in the text books or reports of decisions, but it has been held that an attachment may be quashed, upon motion, for variance of the affidavit from the complaint. *Moore* v. *Bank,* 82 Tex. 537. How could the variance have appeared except by reference to the complaint? Moreover, the usual and ordinary way of procuring the overthrow of an attachment because of defects in the proceedings is by motion and not by plea. It is the method prescribed by the statute for taking advantage of insufficiency of any kind in the affidavit. Code, chapter 106, section 19. A plea is not required except when it is desired to controvert the existence of the grounds for attachment set forth in the affidavit. In Alabama, a plea in abatement seems to be necessary in all cases. *Free* v. *Howard,* 44 Ala. 195; *Kirkman* v. *Patton,* 19 Ala. 32; *Horton* v. *Miller,* 84 Ala. 537. Such was formerly declared to be the rule in North Carolina, but it seems to have been recently decided otherwise. *Hale* v. *Richardson,* 89 N. C. 62. In most of the other States, the procedure is by motion. 3 Ency. Pl. & Pr. 80; Drake on Att. 112. The motion itself, though oral, is substantially a plea in abatement. 3 Ency. Pl. & Pr. 80; Drake on Att. 112. Our conclusion is that a motion to quash is the proper mode of making objection on the ground of such variance.

As stated above, the motion to quash is virtually an oral plea in abatement. There is no reason why it might not as well be put in writing, nor would tendering it in writing change its character. What was tendered, therefore, as a plea in abatement was, in substance and effect, a motion to quash, pointing out specifically and accurately the ground of the motion. It set up nothing that did not already appear. Therefore, it performed no office as a plea. It was accompanied by a verbal motion to quash, and upon receiving it, the court treated it as a motion, and promptly quashed the attachment. The ruling in *Stevens* v. *Brown,* 20 W. Va. 450, is not contrary to this position. The motion to quash, in that case, having been overruled, this Court in reviewing the case, said the "affidavits, attachments and returns thereon are more formal and technically correct than is often the case in proceedings of that character." The defend-

ant's pleas to the attachment having been also overruled, this Court said they did not put in issue any matters for which the attachment should be abated, and, further, that "The defense attempted to be made by said pleas in abatement has relation to the merits of the action." They were in no sense like, or similar to, the paper under consideration here, except in respect to name.

For the suggestion that a second motion to dissolve could not be entertained, no authority is cited. The statutory jurisdiction of the appellate court to review the action of the trial court upon such motion, section one, chapter 135, Code, does not argue finality in the act of the court in overruling the motion. If any inference can be drawn from this, it is that the order is inter-locutory and, therefore, not appealable under the general statute. If it is interlcutory, the court may set it aside or modify it at any time. Like a demurrer, it denies the sufficiency in law of the process under which the defendant's property is held and of the affidavit upon which the writ is founded, and it is well settled that no appeal lies from an order overruling a demurrer, under the statute, giving appellate jurisdiction over judgments and decrees. *Parsons* v. *Snider,* 42 W. Va. 517; *Buchler* v. *Cheuvront,* 15 W. Va. 479. The order overruling the first motion to quash was not *res judicata,* nor did it come too late. Though there has been no appearance in the principal action, it strengthens the view here expressed, to say that, under our decisions, the right to make this motion is not lost by pleading to the merits. *Dulin* v. *McCaw,* 39 W. Va. 721. Here, as in many other States, the motion seems to be a plea to the juris-diction of the court over the attached property, a matter entire-ly distinct from the jurisdiction of the person of the defendant. In some States, it may be made at any time before final judg-ment, and, in others, even after judgment. Shinn, Att., sec-tion 345.

For the foregoing reasons, the order complained of will be affirmed.

*Affirmed*