FROST et al. v. FIRST STATE BANK & TRUST CO. OF MINERAL WELLS.
(No. 517–4193.)

(Commission of Appeals of Texas, Section B. Oct. 21, 1925.)

1. **Partnership** ⬥236—**Retiring partners not released from partnership liabilities, in absence of express agreement with creditors.**

Where two partners had retired from partnership, which continued to operate under same name, the indebtedness of partnership on date partners retired did not become indebtedness of partnership as existing after retirement, unless creditors expressly agreed to release retiring partners and accept new partnership.

2. **Novation** ⬥1—"**Novation**" **defined.**

"Novation" is substitution by mutual agreement of one debtor or one creditor for another whereby old debt is extinguished, or substitution of new debt or obligation for existing one which is thereby extinguished, and there must be consent of both parties and intention of all parties in interest that original debt shall be released.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Novation.]

3. **Bills and notes** ⬥430—**Creditor's acceptance of note by one or more joint obligors bound for pre-existing debt does not release other joint obligors.**

In absence of express agreement to contrary by creditor, acceptance of note by one or more joint obligors bound for pre-existing debt is not payment thereof, and does not release other joint obligors who did not sign the note.

4. **Trial** ⬥350(4)—**Failure to submit issue of whether when approving renewal notes bank directors intended to release bank officer of partnership liabilities held error.**

In bank's suit to recover on renewal notes given by partnership, original notes having been approved by directors because officer and director of bank was member of partnership, renewal having been approved after retirement from partnership of bank officer, refusal to submit issue as to whether bank intended to release bank officer on his retirement by taking

renewal, and to accept in lieu thereof remaining partners, was error.

**Error to Court of Civil Appeals of Fourth Supreme Judicial District.**

Suit by the First State Bank & Trust Company of Mineral Wells against William Frost, administrator of the Estate of H. N. Frost, deceased, and others. A judgment for defendants was reversed by the Court of Civil Appeals (260 S. W. 922), and defendant administrator and another bring error. Affirmed.

Goree, Odell & Allen, of Fort Worth, and Penix, Miller & Perkins, Smith & Smith, and Moyers & Creighton, all of Mineral Wells, for plaintiffs in error.

I. W. Stephens, of Fort Worth, and Gross & Zively, of Mineral Wells, for defendant in error.

SHORT, J. This suit was instituted in the district court of Palo Pinto county by the defendant in error, hereinafter styled the bank, to recover from W. A. Davidson and J. F. Cross, as well as from appellee J. C. Llewellyn and the administrator of H. N. Frost, deceased, on certain promissory notes, all payable to the bank. One of these notes was for $11,000; another for $2,534.85; and another for $3,683.75. The first was signed by Davidson Motor Company, a partnership, at that time composed of W. A. Davidson, H. N. Frost, and J. C. Llewellyn. This particular partnership was dissolved on March 30, 1920. By the terms of the dissolution, W. A. Davidson assumed to pay all the indebtedness. H. N. Frost was at the time president of the bank, having been president and director since its organization in 1906. He afterwards resigned from the office of president on June 1, 1920, but continued to be a director until his death, which occurred on October 29, 1921. W. A. Davidson and H. N. Frost first formed the partnership under the name of Davidson Motor Company, and afterwards Llewellyn became a member at the suggestion of Frost for the purpose of keeping the books. The business was the purchase and sale of automobiles. W. A. Davidson was the only active partner, and had been engaged in that kind of business previously. Llewellyn was engaged in the lumber business and Frost in the banking business. Both were apparently men of large property. Davidson did not have so much property, and afterwards became insolvent. The names of H. N. Frost and J. C. Llewellyn were not on any of the notes declared on. The original notes were executed in the years 1919 and 1920 in the name of Davidson Motor Company. The $11,000 original note was approved by the board of directors of the bank after they had been informed that H. N. Frost was a member of the company. Frost afterwards arranged for a credit with the bank of the company for $23,000 which credit was extended from time to time. The last two notes were given after Frost and Llewellyn had retired from the partnership, but the $11,000 note was executed while they were members. Other notes were given by the partnership to the bank, and were paid before the dissolution. The $11,000 note was dated October 6, 1919. When Frost and Llewellyn retired from the partnership, it had a credit in appellant bank of the sum of $1,400, which was appropriated by Frost and Llewellyn. On May 1, 1920, Frost stamped the $11,000 note "Paid" with his private stamp, and withdrew it from the files of the bank, and substituted a note executed by W. A. Davidson for $7,931, dated May 1, 1920, and a note for $2,280, dated April 26, 1920, executed by one Armstrong, payable to Davidson, which Davidson had delivered to the bank. On May 4, 1920, the directors of the bank, without knowledge of the dissolution of the partnership, and upon the faith of the statement made by Frost that these substituted notes occupied the same position as the $11,000 note, approved them. Again on April 5, 1921, after the note for $7,931 had been renewed by the officers of the bank as well as the last two notes declared on had been renewed, the board of directors again approved them. In this suit the bank sought to hold the estate of H. N. Frost and J. C. Llewellyn liable on the $11,000 note, but the administrator and Llewellyn denied liability, and asserted in their pleadings that they had been released by the bank by virtue of the proceedings above outlined. Judgment was rendered by default against Davidson and J. F. Cross, who became a member of the Davidson Motor Company some time after the withdrawal of H. N. Frost and J. C. Llewellyn therefrom, but before the execution of the original notes sued on except the $11,000 note. There was a trial by a jury upon special issues and a judgment rendered that the bank take nothing against the estate of Frost and J. C. Llewellyn. The jury found that the successor of H. N. Frost as president, W. I. Smith, nor either of the directors, except H. N. Frost, on or about the 30th day of March, 1920, knew H. N. Frost and J. C. Llewellyn had withdrawn as partners from the Davidson Motor Company, but that some one or more of the directors of the bank besides H. N. Frost did know, on May 4, 1920, of the dissolution of the partnership, and also that some one or all of the directors except Frost, knew of this dissolution on April 1, 1921, and that the board of directors had accepted the individual note of W. A. Davidson for $7,931 and the Armstrong note for $2,280 and their renewals as well as securities belonging to either or both of them, in lieu of and in place of the balance due on the $11,000 note. The plaintiffs in error contend that the facts found by the jury as a matter of law had the effect to release H. N. Frost and J. C. Llewellyn from their obligation to pay the $11,000 note. The

bank contends that the vital question of fact to be ascertained was whether the directors intended to release Frost and Llewellyn upon their obligation as partners of the Davidson Motor Company by their action in accepting the Davidson note for $7,931 and the Armstrong note for $2,280 and the securities belonging thereto in lieu of and in place of the balance due on the $11,000 note, and that this question of intention was not submitted. The Court of Civil Appeals agreed with this contention, and, the judgment of the trial court having been reversed and the case remanded by that court, the administrator of the estate of H. N. Frost and J. C. Llewellyn applied to the Supreme Court for writ of error, which having been granted, the question is before us for disposition.

There is some testimony to the effect that W. I. Smith, successor of H. N. Frost as president of the bank, in his capacity as cashier, knew of the dissolution of the partnership and of the act of Frost in marking the $11,000 note paid and substituting therefor the note of $7,931 and the Armstrong note for $2,280 at the time the transactions actually occurred, but the Court of Civil Appeals, while apparently conceding that Smith may have known of these matters, yet since the record is uncontradicted that the other directors did not know that Frost and Llewellyn were denying liability on the $11,000 note at the time they approved the taking of these notes, held the bank was not bound by such approval of the board of directors.

Upon the trial of the case, the bank requested the submission of four special issues, all of which were refused, in the following language:

"Requested Special Issue No. 1: Did the board of directors of plaintiff bank, on the 4th day of May, 1920, have knowledge of the dissolution of the partnership of Davidson Motor Company, and that H. N. Frost and J. C. Llewellyn were intending to be relieved of their liability to the plaintiff bank for the indebtedness of said partnership to said bank?

"Requested Special Issue No. 2: Did the board of directors of plaintiff bank, on the 1st day of June, 1920, have knowledge of the dissolution of the partnership of Davidson Motor Company and of the fact that H. N. Frost and J. C. Llewellyn had retired from said partnership, and that said parties were asserting that they were no longer liable as partners of the Davidson Motor Company on the indebtedness due plaintiff by Davidson Motor Company?

"Requested Special Issue No. 3: Did the board of directors of plaintiff bank, on the 5th day of April, 1921, have knowledge of the dissolution of the partnership of the Davidson Motor Company and of the fact that H. N. Frost and J. C. Llewellyn had retired from said partnership, and that said parties were asserting that they were no longer liable as partners of the Davidson Motor Company on the indebtedness due plaintiff by Davidson Motor Company?

"Requested Special Issue No. 4: Did the board of directors of plaintiff bank, at the regular meeting thereof on May 4, 1920, intend to release H. N. Frost and J. C. Llewellyn from their liability on the indebtedness of the Davidson Motor Company due to plaintiff and to accept the individual note of W. A. Davidson for $7,931 and the B. C. Armstrong note for $2,280 and the chattel mortgage of even date with said Davidson note and made by W. A. Davidson in the place and in lieu of H. N. Frost and J. C. Llewellyn? Answer 'Yes' or 'No.'"

It also duly filed objections to the issues submitted based on the ground the issue of intention of the bank to release plaintiffs in error was not submitted.

These special issues were sufficient in the opinion of the Court of Civil Appeals to call to the trial court's attention the necessity to submit for the determination of the jury in some form the vital question whether the board of directors intended at any time, when they acted upon the notes in question, to release H. N. Frost and J. C. Llewellyn from their liability on the $11,000 note; and, on the other hand, the plaintiffs in error here insist that the answers to the issues submitted embraced, as a matter of law, the fact sought to be ascertained by these refused special charges in the form of special issues, and have assigned as errors committed by the court of Civil Appeals the following:

"(a) The Court of Civil Appeals has erroneously held that, notwithstanding the full knowledge of W. I. Smith, who was president of the defendant in error bank, that H. N. Frost and J. C. Llewellyn had retired from the partnership known as the Davidson Motor Company, and his acceptance of notes signed by W. A. Davidson and B. C. Armstrong, each secured by chattel mortgages, with such knowledge, he was nevertheless without authority to accept such substituted obligations and security in satisfaction of the note for $11,000, upon which this suit was brought, and that his act in accepting such substituted obligations did not bind the defendant in error.

"(b) The Court of Civil Appeals has erroneously held that the knowledge of W. I. Smith or other directors of the defendant in error bank as to the dissolution of the Davidson Motor Company and the retirement of H. N. Frost and J. C. Llewellyn would not be imputed to the board of directors of defendant in error at the time of their approval of the various renewal notes.

"(c) The Court of Civil Appeals has erroneously held that knowledge of one director acting for a bank in the transaction to which the bank is a party will not be imputed to the other directors acting with him.

"(d) The Court of Civil Appeals has erroneously held that the finding of the jury to the effect that, after March 30, 1920, the board of directors of defendant in error bank accepted a note signed by W. A. Davidson, or its renewal, and a note signed by B. C. Armstrong, or its renewal, together with the securities pertaining to said notes, and their renewals in lieu of and in place of the original Davidson Motor Company indebtedness did not imply a finding of intention on the part of the said

board of directors to substitute such new obligations for the former debt so as to discharge H. N. Frost and J. C. Llewellyn from their liability thereon.

"(e) The Court of Civil Appeals has erroneously held that the issue of intention on the part of the board of directors of defendant bank was not embraced in special issue No. 4 as submitted to the jury, which said special issue was as follows:

" 'Did the board of directors of plaintiff bank at any time after the 30th day of March, 1920, accept the individual note of W. A. Davidson for the sum of $7,931 and the B. C. Armstrong note for $2,280 or the renewals of either or both of said notes and the securities belonging to either of said notes in lieu of and in place of the balance due on the $11,000 note in evidence? Answer "Yes" or "No" just as you find the facts to be,' and to which the jury returned an affirmative answer.

"(f) The Court of Civil Appeals has erroneously held that the following requested special issue was not too restrictive, and should have been submitted by the court below:

" 'Did the board of directors of plaintiff bank, at the regular meeting thereof on May 4, 1920, intend to release H. N. Frost and J. C. Llewellyn from their liability on the indebtedness of the Davidson Motor Company due to plaintiff, and to accept the individual note of W. A. Davidson for $7,931 and the B. C. Armstrong note for $2,280 and the chattel mortgage of even date with said Davidson note and made by W. A. Davidson, in the place and in lieu of H. N. Frost and J. C. Llewellyn? Answer "Yes" or "No." ' "

[1, 2] The Court of Civil Appeals appears to have found as a fact, which finding is binding upon us, that the bank did not intend at any time to release Frost and Llewellyn upon their liabilities as former partners of the dissolved partnership operating under the name of Davidson Motor Company, and what we shall say in the discussion of this question is said in view of this particular finding on the part of the Court of Civil Appeals. A retiring partner is not released from the existing liabilities of the partnership even though there be an agreement between himself and his former partners that the latter shall become responsible for such liabilities, unless there has been in addition thereto an express agreement with the creditors of the partnership to the same effect. White v. Boone, 71 Tex. 714, 12 S. W. 51; Shapleigh Hardware Co. v. Wells, 90 Tex. 112, 37 S. W. 411, 59 Am. St. Rep. 783. Partnerships are not recognized as legal entities. In suits against the partnership the persons composing the partnership must be named, and the suits must be conducted with reference to their individual rights and liabilities. Roberts v. McKinney (Tex. Civ. App.) 187 S. W. 976. One or more members of a firm may retire and others take their places and the firm name be retained, but the firm is not the same. So, when Frost and Llewellyn retired from the partnership of the Davidson Motor Company, the fact that Davidson continued to operate under that firm name, and Cross became a member of the firm which continued to operate under that name, did not release Frost and Llewellyn of their liabilities on the indebtedness of the Davidson Motor Company existing when this partnership terminated. The indebtedness of the Davidson Motor Company existing on the 30th day of March, 1920, the date when Frost and Llewellyn retired, did not become the indebtedness of the Davidson Motor Company as it existed after that date, unless and until the creditors of the Davidson Motor Company, composed of Davidson, Frost, and Llewellyn, had expressly agreed to release the retiring partners and accept, in lieu of the obligations of Frost and Llewellyn, the individuals composing the partnership after such retirement. Focke v. Hardeman, 67 Tex. 173, 2 S. W. 363. Where one debtor is substituted for another whereby the original debtor is discharged by agreement of all the parties in interest, there is what the law terms a novation, to constitute which there must be a concurrence of the ancient debtor who procures another debtor in his stead, and of the party who takes his place and enters into an obligation to the creditor of some other person appointed by him and of the creditor, who, in consequence of the obligation contracted by the party delegated, discharges the party delegating. To produce a delegation the intention of the creditor to discharge the first debtor, and to accept a second in his stead, must be perfectly evident. Scott v. Atchison, 38 Tex. 390. To state the meaning of the term "novation" in another way, it is a substitution by mutual agreement of one debtor or one creditor for another whereby the old debt is extinguished or the substitution of a new debt or obligation for an existing one which is thereby extinguished; it is the extinguishment of one obligation by another—the substitution of a new obligation for that old obligation, the effect of which is to pay or otherwise discharge it. To constitute a novation by the substitution of a new obligation between the same parties, there must be the consent of both parties, and the obligor's intention that the existing debt shall be discharged by his new obligation does not suffice. If an agreement does not, and is not intended by each and all the parties having an interest in the subject-matter to, operate as a release of an original debt, it is not a novation. Pierce Fordyce Oil Association v. Woods (Tex. Civ. App.) 180 S. W. 1181, 29 Cyc. 1184.

[3, 4] The Court of Civil Appeals apparently disposed of this case upon the construction placed by it upon the fourth special issue given to the jury and the refusal of the trial court to give issue No. 4 requested by the bank. Special Issue No. 4, given by the trial court, which was answered in the affirmative, submitted the question whether the board of directors of the bank at any time after the

30th of March, 1920, accepted the individual note of W. A. Davidson and the Armstrong note or the renewals of either or both and the securities belonging thereto in lieu of and in place of the balance due on the $11,000 note in evidence; while issue No. 4, refused by the trial court, sought to have the jury determine the intention of the board of directors of the bank on May 4, 1920, on which date the testimony shows they passed upon favorably and accepted the individual note of Davidson and the B. C. Armstrong note and the securities in the place of and in lieu of the balance due on the $11,000 note, as to whether they intended to release by their action Frost and Llewellyn from their liabilities thereon. It is contended by the plaintiffs in error that issue No. 4 submitted necessarily presented the question of such intention, and therefore the refused instruction was proper. It is a fundamental principle of law that in construing agreements between parties it is necessary to determine their intention and, when that has been discovered, to declare the law in accordance therewith. It is another well-known principle of the law that, in the absence of an express agreement to the contrary by the creditor, the acceptance of the note by one or more joint obligors bound for a pre-existing debt is not a payment thereof, and does not release other joint obligors who did not sign the note. The Court of Civil Appeals having found as a fact that there is an absence of any express agreement on the part of the bank to release Frost and Llewellyn from their obligation on the $11,000 note, it would seem that the trial court had its attention sufficiently called to this question of intention by issue No. 4, especially in view of the other three issues duly requested and of the objections duly filed to the issues submitted. Since the law of novation and of the testimony introduced by the parties applicable thereto constituted the most material issue in the case, it is our conclusion that reversible error was committed in failing to present in some form to the jury the issue of intention and that the Court of Civil Appeals correctly disposed of this question in its opinion. Article 1984a, Vernon's Sayles' Ann. Civ. St. 1914; Fox v. Hotel Co., 111 Tex. 475, 240 S. W. 517.

The question whether W. I. Smith, who was president of the bank, and who may have had full knowledge that Frost and Llewellyn had retired from the partnership, having this knowledge, had accepted, in lieu of the obligations of Frost and Llewellyn, that of Davidson and Armstrong, and yet the bank was not bound thereby under the facts of this case as presented in this record according to the opinion of the Court of Civil Appeals, and which constitutes one of the assignments of error by the plaintiffs in error, is not deemed necessary by us to be decided, as the case must be retried, and the testimony may be much fuller on this subject on another trial. Likewise the question whether this knowledge of Smith would be imputed to the board of directors at the time of their approval of the various renewal notes for the same reason is not deemed necessary to be decided by us. The only remaining assignment of a nature other than that which has been discussed is to the same effect as the last two assignments mentioned, and, therefore, it will not be noticed further.

It is our opinion that, should the case be again tried upon testimony similar to that shown by this record, the trial court should submit for the consideration of the jury, in plain and intelligible language, the issue of the intention of the directors of the bank at the time they accepted the Davidson and Armstrong notes in lieu of the $11,000 note and at the time of the renewals of these notes with reference to the discharge of Frost and Llewellyn from their obligation to the bank evidenced by the $11,000 note. It is also suggested that the legal principles necessary to constitute novation should be embodied in the charge of the court, and the jury's attention should be called to the liability of Frost and Llewellyn to the bank on their obligations existing at the time they retired from the partnership of the Davidson Motor Company. Article 1984a, Vernon's Sayles' Ann. Civ. St. 1914; Fox v. Hotel Co., supra. There is testimony in the record which would support a finding either way on this question of intention. It being a vital question presented by the testimony, and the district court's attention having been timely called to the omission, and the Court of Civil Appeals having reversed the judgment and remanded the case chiefly because this question was not submitted to the jury, we recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.