## HALE v. FIRST STATE BANK OF LADONIA. (No. 3329.)

Court of Civil Appeals of Texas. Texarkana. Jan. 13, 1927.

**Banks and banking ⬤⤳67—Attachment in name of old corporation should have been quashed, where suit proceeded on amended petition of successor and assignee notwithstanding statute (Rev. St. 1925, art. 1389).**

An attachment in name of old corporation after bank's reorganization should have been quashed where amended petition in the suit alleged that action was commenced in name of wrong corporation and suit was continued in name of new bank, assignee of old bank's assets, notwithstanding Rev. St. 1925, art. 1389, permitting suits in name of dissolved corporation.

Appeal from District Court, Fannin County; Geo. P. Blackburn, Judge.

Action by the First State Bank of Ladonia, against D. G. Hale and another. From judgment for plaintiff, defendant D. G. Hale appeals. Judgment modified.

Cunningham & Lipscomb, of Bonham, for appellant.

Clark & Clark, of Greenville, for appellee.

HODGES, J. On December 8, 1924, D. G. Hale and W. G. Hale executed and delivered to the First State Bank of Ladonia, Tex., a private corporation, their promissory note for the sum of $2,472.12, due October 1, 1923. On March 5, 1926, suit was filed in the district court of Fannin county against the makers of the note in the name of the First State Bank of Ladonia, alleging default in payment and

asking a judgment for the principal, interest, and attorney's fees. At the same time an affidavit and bond were made, upon which a writ of attachment was issued and levied upon a tract of land belonging to D. G. Hale situated in Fannin county. The affidavit was made by J. P. Jones as agent for "the First State Bank of Ladonia, Tex., a corporation, plaintiff in the above-entitled cause," etc. The bond recited that "We, the undersigned, the First State Bank of Ladonia, Texas, a corporation, as principal, and the others signed hereto as sureties," etc. On May 14 following an amended original petition was filed in the name of "First State Bank at Ladonia, Tex.," which alleged, in substance, the same facts relative to the execution and delivery of the note to "the First State Bank of Ladonia." It further alleged:

"That thereafter the said the First State Bank of Ladonia, Tex., being a corporation, reorganized, dissolved, and reincorporated in the name of 'First State Bank,' and for a valuable consideration transferred, assigned, and delivered substantially all of its assets to said 'First State Bank of Ladonia,' including the note herein sued on: * * * That this plaintiff, First State Bank at Ladonia, is the legal and equitable owner and holder of said note; that the same is long past due," etc.

As a reason for naming a different plaintiff in the amended petition from that stated in the original, it is alleged that:

"When this suit was originally filed the attorneys in charge of this suit had not been advised that the reorganization and transfer herein alleged had taken place, and therefore this suit was filed in the name of 'the First State Bank of Ladonia, Tex.,' as plaintiff, instead of 'First State Bank,' the real owner of said note and the real plaintiff in this cause."

The defendants below answered by a general denial. D. G. Hale further specially pleaded that at the time of the execution and delivery of the note he was a minor under the age of 21 years, and that he had elected to repudiate any liability on the note. He also alleged other facts tending to impeach the validity of the consideration upon which the note was based, which are not material here to be mentioned. Later, and before trial, the defendants filed a motion to quash the writ of attachment upon several grounds, mainly because in filing the amended original petition a different party plaintiff was presented and a new cause of action was pleaded. The motion was overruled, and proper exceptions were taken.

In a trial upon the merits the court submitted a special issue requiring the jury to find whether or not D. G. Hale, who pleaded his minority, had ratified and affirmed the note after attaining his majority. The jury found that he had. Upon that finding the court entered up a judgment in favor of the plaintiff, First State Bank, for the full amount of the note, together with interest and attorney's fees, and also ordered a foreclosure of the attachment lien on the land which had been seized under the writ. We think that the testimony was amply sufficient to support the finding of the jury that D. G. Hale had ratified his contract, and the court properly entered a personal judgment against both defendants.

The ruling of the court in refusing to quash the attachment proceeding is also assigned as error. It is contended by the appellee, First State Bank, that the amended petition merely corrected an error in the statement of the name of the plaintiff in the suit. The only facts disclosed by the record relating to that feature of the controversy are found in the pleadings quoted. No testimony upon that issue was offered. Taking as true the statements of the plaintiff in the amended original petition, the suit was originally brought and the attachment sued out in the name of the old corporation, the First State Bank of Ladonia, the payee of the note. The new corporation, First State Bank, was a separate and distinct legal entity. Its ownership of the note was acquired by assignment. According to the explanatory statement in the amended petition, the error was in bringing the suit in the name of the wrong corporation, not merely in misnaming the real party plaintiff. Clearly, a note payable to "the First State Bank of Ladonia" is not one payable to "First State Bank at Ladonia." It is distinctly alleged that the two corporate entities were not the same, but one purchased the assets of the other. Under article 1389 of the Revised Statutes of 1925 the old corporation is perpetuated for the period of three years after dissolution, for the purpose of settling its business. During that time a suit may be brought in the name of the old corporation for the purpose of collecting its claims, and it may be sued in its corporate name by creditors. Lyon-Gray Lumber Co. v. Gibraltar Life Ins. Co. (Tex. Com. App.) 269 S. W. 80. If there had been no assignment of this note a suit for its collection might have been maintained in the name of the old corporation. The variance between the affidavit and bond and the petition upon which the case was tried is, we think, material and furnished an appropriate ground for quashing the attachment proceeding.

The case is somewhat similar to that of Focke et al. v. Hardeman, 67 Tex. 173, 2 S. W. 363. In that case suit was brought on an account in the name of John Focke, Henry Wilkins, and Herman Lange, composing the firm of Focke, Wilkins & Lange. An attachment was sued out upon an affidavit stating that the defendants were indebted to John Focke, John Wilkins, and Herman Lange, composing the firm of Focke, Wilkins & Lange. There was no explanation of this discrepancy between the first name of Wilkins appearing in the affidavit and that stated in the petition. The court held that con-

sidering that discrepancy without explanation, the debt sued on and the debt sworn to constituted different causes of action. The use of the same firm name did not cure the variance, since different individuals might do business under the same partnership name. No presumption would be indulged in favor of the regularity in such proceedings, it was said by the appellate court; and the court entered a judgment quashing the attachment. Simmons v. Simmons, 56 W. Va. 65, 48 S. E. 833, 107 Am. St. Rep. 890, and notes, 3 Ann. Cas. 184.

We are of the opinion that the personal judgment in favor of the appellee against the defendants below should be affirmed; but that the attachment proceeding should have been quashed; and the judgment will be modified accordingly.