## WEAVER v. OLIVER et al.
### No. 7595.

Court of Civil Appeals of Texas. Austin.
May 27, 1931.

Rose & Sample, of Edna, for appellant.

Proctor, Vandenberge, Crain & Vandenberge, of Victoria, for appellees.

PER CURIAM.

Suit upon a promissory note for $250, dated March 10, 1921, due March 9, 1922, payable to Mrs. Inez Oliver, and signed by the partnership of Branch & Weaver, and J. W. Weaver, and C. Branch, individually. The defense pleaded was that on December 12, 1921, said partnership was dissolved; that Branch assumed all of its liabilities, that appellees accepted him as the principal obligor on said note, and agreed to look to him for payment, and that extensions of date of maturity were made by appellee with Branch without the knowledge or consent of appellant Weaver, thereby releasing him. At the close of the evidence, the court gave peremptory instructions to the jury to find for the plaintiff against Weaver.

Appellant's first contention is that there was sufficient evidence to go to the jury on the defenses pleaded. We do not sustain this contention. The note matured in March, 1922. Suit was filed in March, 1926. During that interval, requests for payment were made only to Branch who made the interest payments in 1922 and 1923.

■■ Clearly, the note was the joint and several obligation of both makers. The payee could look to either or both for payment; and the mere fact that she did demand payment of only one prior to suit did not discharge the other. No agreement between the partners, changing their liability as between themselves, would be binding upon the payee, unless she were given full notice thereof and agreed to same; "expressly assents thereto" is the language of the Commission of Appeals in Watson v. First State Bank, 237 S. W. 1106, 1107. This is the accepted rule in this state. Shapleigh Hdw. Co. v. Wells & Bennett, 90 Tex. 110, 37 S. W. 411, 59 Am. St. Rep. 783; Reed v. Shaw (Tex. Civ. App.) 274 S. W. 274; Frost v. Bank (Tex. Com. App.) 276 S. W. 222, 225.

■ Weaver himself testified that at no time did he ever advise Mrs. Oliver or her agent of the dissolution of his partnership with Branch; and that she had never agreed to release him from liability on the note sued upon. A. Oliver, husband of the payee, and who was her agent, testified that he did not know until after suit was filed that said partnership had been dissolved; that he never agreed to release Weaver; and that no extension of the note was ever made. None of this testimony was contradicted. There was, therefore, nothing to go to the jury on the issue of his release as a joint maker.

■ Appellant's other contention is that the court erred in excluding a carbon copy of a purported letter from Rose & Sample, attorneys for Branch, addressed to A. Oliver, agent for Mrs. Oliver, stating that at the request of Branch they were sending his check in payment of interest on said note up to March, 1923. There was no error in this. Had it been admitted, it would have added nothing to the proof; and, being secondary evidence, no proper predicate was laid for its introduction. Appellant neither proved that the original of such letter had been mailed to A. Oliver, nor that Oliver had ever received any such letter. The purported carbon copy was, therefore, properly excluded.

Finding no error, the judgment of the trial court is affirmed.