## City National Bank of Dallas v. M. V. Flippen.

(Case No. 2083.)

1. Affidavit for attachment—Defect—Construction—An affidavit for attachment omitted the word "is" before the words "justly indebted," reading, "the defendant, F., justly indebted to the plaintiff," etc. *Held:*

(1) The language had no meaning, it made no charge against the defendant, and the affidavit was fatally defective.

(2) No presumption could be indulged to supply a defect, which, if not supplied, would prevent the affidavit from coming up to the requirements of the statute.

(3) The utmost latitude allowed is to exact only a substantial compliance with the law. The language in the affidavit must be looked to, and nothing of importance can be added to it upon the assumption that the affiant intended, but neglected to make the addition. (Evans *v.* Tucker, 59 Tex., 249.)

APPEAL from Bowie. Tried below before the Hon. W. P. McLean. The opinion states the facts.

*Dan. T. Leary,* for appellant, cited: Drake on Att., secs. 103, 107; R. S., Art. 180; Kennedy *v.* Morrison, 31 Tex., 207; 10. Mo., 273.

*Todd & Hudgins,* for appellee, cited: Drake on Att., (5th ed.) sec. 104*a*, 107*a*; Black *v.* Scanlon; 48 Ga., 12.

WILLIE, CHIEF JUSTICE. — The appellant sued Flippen upon a promissory note, and prayed for an attachment upon the ground that Flippen had disposed of his property, in whole or in part, for the purpose of defrauding his creditors. The petition was not sworn to, but an affidavit was separately made by the agent of the appellant, which was held by the court below to be insufficient to serve as a basis for an attachment. The writ was quashed upon motion, and the ruling of the court in this respect is the only matter complained of in this appeal. The affidavit is claimed to be defective because it charges no indebtedness of Flippen to the bank at the time it was made. This is said to arise from the omission of the word "is" before the words "justly indebted" in the affidavit, which makes it read the defendant "M. V. Flippen justly indebted" (instead of is justly indebted) "to the plaintiff" etc. It is clear that this language, as it appears in the affidavit, has no meaning, and, of course, makes no charge whatever against the appellee. To give it meaning, some word has to be supplied, and the question is: Can we supply it in order to support the attachment? There are several words, one or more of which if placed before the word "indebted," would give a meaning to the sentence; but the word "is" must necessarily be placed there to fulfill the requirements of the attachment law. By supplying some other tense of the verb "to be," an averment of past or future indebtedness could be made. The expression could be understood; but there would be no oath to the effect that Flippen was indebted to the bank at the date of the affidavit. Without this, the affidavit is worthless. The averment must be in the present tense, for without a subsisting debt the

writ cannot issue.  Because this word is necessary, are we to presume that it was intended to be used?  In attachment cases we cannot indulge in presumptions to supply a defect, which, if not supplied, prevents the affidavit from coming up to the requirements of the statute. The utmost latitude allowed in this respect is to exact only a substantial compliance with the law, or the use of language which necessarily and properly makes the case provided for the issuance of the writ.   Drake on Att., sec. 107.

But a meaningless collection of words can by no means, be substantially the same as the language of the law, and does not make the case provided by the statute.  If the affiant were indicted for perjury on the ground that he had sworn that Flippen was indebted to the bank at the date of the affidavit, the latter would not of itself prove that he had taken any such oath.  No presumptions against him could be indulged on trial of the indictment; none should be indulged in his favor to sustain the attachment.  We should not assume that he meant to charge a present indebtedness, because this was necessary to procure the attachment.  If we are to presume that defective affidavits were intended to be perfect, and, for that reason, to consider them as perfect, one of the principal checks upon the issuance of the writ, and safeguards to the property of a defendant against seizure before judgment, will be destroyed.  We are aware that at least one court has taken a different view of this question (Buchanan v. Sterling, 63 Ga., 228); but we think it is more in accord with the previous decisions of this court, to look to the language used in the affidavit, and not to add anything of importance to it, upon the assumption that the affiant intended, but neglected to make the addition.   In Evans v. Tucker, 59 Tex., 249, we held that the omission of the word "justly" before indebted, vitiated the affidavit; we then said, "The statute is not literally or even substantially complied with when important words required to be contained in the affidavit are omitted.  *  *  *  The act requires the use of the word 'justly,' and we have no authority to dispense with it."   This language applies with double force to the present affidavit.   The word here left out is of far more importance than the word "justly," for the affidavit without the word "is" has no meaning.  We think it better to require a compliance with the important allegations of the affidavit as prescribed by statute.   Hence, we think, the court did not err in dissolving the attachment, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered October 26, 1886.]