## PERRILL & FOX v. KAUFMAN & RUNGE.

### No. 6283.

1. **Attachment—Affidavit.**—In interpreting an affidavit for attachment it is not permitted to resort to presumptions as to what the affiant intended to swear, but the court must be governed by what he has sworn as shown by the language employed.

2. **Same.**—Where there are two defendants and an attachment is sued out against the property of both the attachment is fatally defective when it fails to state that "the attachment is not sued out for the purpose of injuring or harrassing the defendants." The use in such case of the word "defendant" instead of defendants is fatal.

APPEAL from Hill. Tried below before Hon. J. M. Hall.
The opinion contains a statement of the case.

*A. P. McKinnon* and *J. G. Abney*, for appellants.—The affidavit for the attachment is defective and the refusal to quash it was error. Moody v. Levy, 58 Texas, 532; Culbertson v. Cabeen, 29 Texas, 247; Drake on Attachment, art. 110; Hufman v. Hardeman, 6 Law Rev., 606.

*Tarlton & Jordan*, for appellees. — The affidavit for attachment was sufficient. Under our statutes *singular* includes the *plural*. Rev. Stats., art. 3138; Lewis v. Stewart, 62 Texas, 352.

GAINES, ASSOCIATE JUSTICE. — The appellees brought this suit against appellants on a promissory note executed by them in their firm name, and at the time of the filing of the petition they sued out a writ of attachment. The writ commanded the sheriff to attach "the property of W. M. Perrill and P. F. Fox, composing the firm of Perrill & Fox."

Before entering upon a trial of the cause appellants presented a motion to quash the attachment, which was overruled by the court. The ruling of the court on the motion was excepted to and is now assigned as error. The ground of the motion was that the affidavit was insufficient because the affiant did not swear that the attachment was not sued out for the purpose of injuring or harrassing the defendants. The language of the affidavit is: "And that this attachment is not sued out for the purpose of injuring or harrassing the defendant."

Our courts have never applied the rule that a literal compliance with the terms of the statute is required in the proceedings preliminary to the issue of a writ of attachment. It has therefore been held under our former laws which required the petition to be sworn to, that proper averments in the affidavit would supply the want of an affidavit to the petition (Schrimpf v. McArdle, 13 Texas, 368), and under the Revised Statutes, that an attachment was good when affidavits were made by two different attorneys, one swearing to the fact of the indebtedness and the other to the grounds otherwise required in order to authorize the writ, provided they were made very near the same time and for the purpose of obtaining the process. Lewis v. Stewart, 62 Texas, 352. But on the other hand this court has uniformly insisted upon a substantial compliance with all the requirements of the statute, and held that no presumptions can be indulged to support an affidavit defective in any substantial particular. Bank v. Flippen, 66 Texas, 610; Focke v. Hardeman, 67 Texas, 173; Moody v. Levy, 58 Texas, 532.

In Bank v. Flippen, *supra*, the defect was the omission of the word "is" before the words "justly indebted." Hardly any other omission could have left the intention of the affiant more obvious, and yet the affidavit was held bad. The statute allows a writ of attachment to issue in certain cases when necessary to secure the collection of debts, but in order to secure debtors against an improvident or malicious use of the process a bond and affidavit are required in every case. The object of the affidavit is to protect the debtor both by an appeal to the conscience of the affiant and by holding up before him the penalties of perjury. Therefore we are not permitted to resort to presumptions as to what the affiant intended to swear, but must be governed by what he has sworn as shown by the language employed. Applying this rule, the affidavit under consideration is insufficient. There were two defendants. Before the plaintiffs were entitled to an attachment they were required to make oath that it was not sued out for the purpose of injuring or harrassing either

of them.    If it had said "defendants" it would have been reasonably certain that it was meant the attachment was sued out to injure or harrass neither, but having said "defendant" it means one and not the other.    Could the affiant be prosecuted for perjury if it could be shown that the purpose of the affiant was to injure Perrill or that it was to harrass Fox only?    Might not the affiant have sworn as he has sworn with a good conscience although it was his purpose to injure or harrass the one and not the other.    We think the court erred in overruling the motion to quash the attachment.

The other assignments of error are to the action of the court upon other matters affecting the attachment proceedings and need not in view of the foregoing ruling be considered.

The judgment will be here reversed and reformed so as to dissolve the attachment and set aside the proceedings thereunder at the costs of the appellees, appellees paying the costs of the appeal.

*Reversed and reformed.*

Opinion December 4, 1888.