### J. W. Hedrick et al. v. H. S. Sisk et al.

#### No. 6133.

**Governor's Remission of Fine, etc.—Commissions.**—After final judgment upon a forfeited bail bond the Governor by proclamation remitted "the said judgment except two hundred dollars, costs, and commissions." *Held*, that the commissions upon the entire judgment were collectable, not being affected by the act of the Governor.

APPEAL from Parker.    Tried below before Hon. R. E. Beckham.
The opinion states the case.

*J. L. L. McCall*, for appellants, cited Avery v. Stewart, 60 Texas, 154;
Railway v. White, 57 Texas, 130; The State v. Dyches, 28 Texas, 536.

*J. S. Hogg*, Attorney-General, for appellees, cited Code Crim. Proc.,
art. 983; McKelvain v. Allen, 58 Texas, 383; Alexander v. Baylor, 20
Texas, 561; Shaw v. Parvin, W. & W. Ct. App. C. C., sec. 365; The
State v. Leak, 5 Ind., 359; Dunlap v. Southerlin, 63 Texas, 38; Hays
v. Yarborough, 21 Texas, 489; Little v. Birdwell, 27 Texas, 688.

ACKER, PRESIDING JUDGE.—The State recovered judgment for one
thousand dollars and costs of suit on a forfeited bail bond against George
Hedrick as principal and appellants J. W. Hedrick, John Hedrick, and
W. F. Damon as sureties.

On the 3d day of August, 1886, the Governor issued the following proc-
lamation:    "Whereas, at the February Term, 1885, in the District Court
of Parker County, judgment on forfeiture was made final for $1000 against
Geo. Hedrick as principal and John Hedrick, J. M. Hedrick, and A. F. Da-
mon as sureties.    Now, therefore, I, John Ireland, Governor of Texas, do
by virtue of the authority vested in me by the Constitution and laws of this
State, hereby, for the reasons specified now on file in the office of the Sec-
retary of State, remit the said judgment except two hundred ($200) dol-
lars, costs, and commissions."

Appellants paid two hundred dollars to the sheriff of Parker County,
and the original execution was returned endorsed by the sheriff "not ex-
ecuted by order of the Governor of Texas."    On the 6th day of October,
1886, appellee Stevenson, who was county attorney, and appellee Sisk, who
was sheriff of Parker County, caused an alias execution to issue for "the
sum of one thousand dollars less eight hundred dollars" and the sum of
$41.95 costs, which was levied on the property of appellants.

On the 4th day of December, 1886, appellants sued out an injunction
restraining appellees as officers from making further collection on the
judgment upon the ground that under the Governor's proclamation the
two hundred dollars paid by them was full satisfaction of the judgment,
and that view is contended for here.

Appellees contend that the proclamation remitted only $800 of the
principal sum due on the judgment, less the commissions thereon, and
left appellants liable for $200 of the principal, the commissions due the
officers of the court on the $800 remitted, and the costs of the suit.

The trial was by the court without a jury, and resulted in judgment
in favor of appellees for the sum of one hundred and sixty dollars "com-

missions on the $800 remitted by the Governor" and $39.24 costs, from which this appeal is prosecuted.

The question of controlling importance is whether the proclamation remitted all liability on the judgment except the $200, or whether it remitted only $800 of the liability, less the commissions thereon.

The language of the proclamation is "remit the said judgment except two hundred dollars, costs, and commissions." If the judgment had been collected on execution and paid to the clerk of the court the officer making the collection would have been entitled to five per cent, the attorney who represented the State when the judgment was rendered would have been entitled to ten per cent, and the clerk of the court would have been entitled to five per cent of the collection. Code Crim. Proc., arts. 1112, 1113.

These items make up the "commissions" allowed by law to the officers of court and aggregate the sum of two hundred dollars, the amount actually paid by appellants, leaving the costs of the suit unprovided for.

If the Governor had intended that only two hundred dollars should be paid we think he would have said in his proclamation that the judgment was remitted "except two hundred dollars," and would not have added the words "costs and commissions." In that event the officers would have been entitled to commissions on the $200 only, which, with the costs, would have been retained out of the $200.

If the Governor had intended that only the commissions and costs should be paid he would not have fixed the amount at $200, because he knew that amount would not be sufficient to pay both costs and commissions. It is clear to us from the language of the proclamation that only $800 of the judgment, less the commissions thereon, was remitted, and that the court below correctly construed the proclamation.

As to who is entitled to the proceeds of the judgment or what disposition should be made of the money when collected thereon we do not decide. That question is not before us. Appellees were sued in their official and representative capacity and the judgment was rendered in their favor as such.

We deem it unnecessary to discuss other questions presented, as they become immaterial in view of the foregoing conclusion.

We are of opinion that the judgment of the court below is the only judgment that could properly have been rendered, and that it should be affirmed.

*Affirmed.*

Adopted April 30, 1889.