## S. A. NALLEY V. THE STATE.

*No. 3679.    Decided December 9.*

1.  **Murder—Self-Defense—Charge of the Court.**—See a state of case on a trial for murder in which the court in its charge limited the right of self-defense alone as based upon threats and acts manifesting an intention to execute them, and wherein it was held that the charge was defective in failing further to instruct as to the right of self-defense based upon reasonable appearance of danger.

2.  **Same.**—A defendant in a criminal case has the right to have the court submit in its charge the law applicable to favorable evidence comprising defensive matter in his behalf, and to have instructions given based upon the defensive testimony even when contradicted by the testimony of the prosecution.

3.  **Same—Self-Defense—Law of Retreat.**—It is a part of the law of self-defense under our code that a party unlawfully attacked is not bound to retreat in order to avoid the necessity of killing his assailant. Penal Code, art. 573. And in such case defendant is entitled to have the jury so instructed.

APPEAL from the District Court of McLennan. Tried below before Hon. L. W. Gooodrich.

Appellant was tried upon an indictment charging him with the murder of one Charley Gaines, and on the trial was convicted of murder in the second degree, his punishment being assessed at fifteen years in the penitentiary. This is the second time this case has been appealed. The report of the first appeal will be found in 28 Texas Court of Appeals, 387, where may also be found a sufficient statement of the facts of the case, when considered in connection with such facts as are stated in the opinion of the court on this appeal.

*J. C. Jenkins* and *Pearre & Boynton*, for appellant, filed an able brief, in which they submitted the following propositions and authorities, viz.:

1.    When the evidence presents the issue of self-defense, the law, and all the law, applicable to that issue as made by the evidence should be given in charge to the jury. Willson's Crim. Stats., sec. 986; Bell v. The State, 17 Texas Ct. App., 538; Jackson v. The State, 15 Texas Ct. App., 84.

2.    Where there is evidence of threats made by deceased against the life of defendant, and also evidence tending to show immediately prior to the homicide an attack by deceased on defendant which threatens death or serious bodily injury, the charge is insufficient unless it contains the law of justifiable homicide in defense of the person as well as the law of threats. Patillo v. The State, 22 Texas Ct. App., 586.

3.    That an assailed party is not bound to retreat is a part of the law of self-defense, and should be given in charge in all cases requiring a charge on any phase of justifiable homicide in defense of the person. Penal Code, art. 573; White v. The State, 23 Texas Ct. App.,

154; Ball v. The State, 14 S. W. Rep., 1012; Arto v. The State, 19 Texas Ct. App., 126; Hudson v. The State, 28 Texas Ct. App., 323; Parker v. The State, 22 Texas Ct. App., 105.

4. The court erred in not instructing the jury upon the right of the defendant to act in his self-defense on reasonable appearance of danger, and that such danger need not in fact have been real if at the time of the homicide it so reasonably appeared to the defendant from his standpoint; such instruction should not have been limited to threats, and should have been more complete than the instruction given. To this omission defendant excepted on the trial. Gonzales v. The State, 28 Texas Ct. App., 130; Nalley v. The State, 28 Texas Ct. App., 387; Bell v. The State, 20 Texas Ct. App., 445; Patillo v. The State, 22 Texas Ct. App., 586.

5. The court erred in failing to charge the jury that the defendant had a right to defend himself against an attack threatening him with serious bodily injury, on the same terms as against an attack on his life. The only portion of the charge relating to the right of self-defense as applied to the facts is the portion concerning threats by deceased against the life of defendant. Willson's Crim. Stats., sec. 970; Orman v. The State, 22 Texas Ct. App., 604; Hunnicutt v. The State, 20 Texas Ct. App., 632; Risby v. The State, 17 Texas Ct. App., 517.

6. The right of self-defense is not impaired by mere preparation for the perpetration of a wrongful act unaccompanied by any demonstration, verbal or otherwise, indicative of the wrongful purpose. Cartwright v. The State, 14 Texas Ct. App., 486; Meuly v. The State, 26 Texas Ct. App., 274; Ball v. The State, 29 Texas Ct. App., 107.

7. The presumption of the law is that appellant's intention in seeking deceased was an innocent one, and unless from the evidence the jury find such intention was felonious, appellant still retained a right of self-defense. It is error to charge that he must prove a particular innocent intent to preserve that right. McMillan v. The State, 7 Texas Ct. App., 142; Smith v. The State, 9 Texas Ct. App., 150; Myers v. The State, 7 Texas Ct. App., 640.

No brief on file for the State.

WHITE, PRESIDING JUDGE.—This is the second time this case has been appealed. The former appeal will be found reported in 28 Texas Court of Appeals, 387.

The supposed errors constituting reversible error on this appeal involve alone the sufficiency of the charge of the court. No other errors are complained of.

There was no eye-witness to the killing, and appellant's testimony is the only direct evidence as to what did occur in the saloon at the time of the homicide. His testimony makes out a case of homicide,

justifiable on the ground of self-defense. His testimony is that one Mrs. Burns owned the saloon in which the deceased was barkeeper, and that he had asked Mrs. Burns to loan him $2.50; that she told him to go to the saloon and get the money. He says: "I went right into the saloon, and asked Gains for the money. He was standing behind the bar, and as I stepped in he said, 'What in the hell do you want here, you son of a bitch?' I said, 'I have come for some money which I have orders to get.' He said, 'I will pay you; I will kill you, you damned son of a bitch;' and as he said this he ran his right hand under the bar, and seized something I thought was a knife or a pistol. I saw it in his hand as he made a rush around the east end of the counter. Just as he was at the turn of the counter I fired. His left side and a little of his back was toward me. I did not stop to look at anything, but stepped right out, and met Joe Williams at the door, and said (to Williams), 'He ran at me with a knife, and I shot him.' " Williams corroborates the statement of defendant's declaration to him as soon as he met him.

Deceased was found lying on the floor of his saloon, near the end of the counter, and a large knife was found lying upon the floor between his outstretched arm and his body. The blade of the knife was broken off, and was only about an inch and a half long. A cigar box was found upon the breast of the deceased. Deceased was shot in the left side of the back of the neck, the ball ranging up, and coming out near the top of the forehead. It is made to appear with unquestioned certainty that the deceased and defendant had had a difficulty on the night previous, and that they had indulged in mutual serious threats each toward the other.

The theory of the State was that defendant had armed himself, gone to the saloon, and upon entering same, without a word to deceased, had shot and killed him—in a word, that the killing was an assassination; that the deceased was engaged in trying to deface or obliterate the revenue stamp upon the cigar box which he held in his hand with the old knife at the time he was shot.

The court charged the law of self-defense predicated upon threats, and the acts of the deceased manifesting an intention to execute his threats. Upon this phase of the case (self-defense) the charge seems to have limited the right of the defense to the threats and acts manifesting an intention to execute them. Upon the evidence of defendant, as above stated, we think he was entitled to a further instruction according him the right of self-defense on reasonable appearances of danger, disconnected with anterior threats, and that his rights should not have been limited to a defense predicated alone upon threats. "When the evidence raises the issue of self-defense, it is the duty of the court, whether requested to do so or not, to give in charge to the jury all the law upon that issue applicable to the evidence." The statute enjoins

"that the charge shall distinctly set forth the law applicable to the case; not alone the case as made by the evidence for the prosecution, but the case as made by all the evidence; and especially is it the duty of the court to submit in its charge the law applicable to favorable evidence comprising defensive matter in behalf of the accused. Burkhard v. The State, 18 Texas Ct. App., 599. A defendant in a criminal case has the right to have instructions given based upon the defensive testimony, even when contradicted by the testimony of the prosecution." Meuly v. The State, 26 Texas Ct. App., 274.

Another objection to the charge is, that it failed to instruct the jury, in conformity with article 573 of the Penal Code, that the party whose person or property is so unlawfully attacked was not bound to retreat in order to avoid the necessity of killing his assailant. "Under the code it is a part of the law of self-defense that an assailed party is not bound to retreat in order to make good his right of self-defense. Failure to so charge is error, which if excepted to necessitates a reversal of a conviction, and if not excepted to it will still be ground for reversal if the error was calculated to prejudice the rights of the accused." Bell v. The State, 17 Texas Ct. App., 538; Arto v. The State, 19 Texas Ct. App., 126; Parker v. The State, 22 Texas Ct. App., 105; White v. The State, 23 Texas Ct. App., 155; Ball v. The State, 29 Texas Ct. App., 107; Willson's Crim. Stats., sec. 966. Defendant specially excepted to the court's charge at the proper time on the trial below, because it failed to instruct the jury that defendant was not bound to retreat.

Because of the errors in the charge of the court as above pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, J., being disqualified, did not sit in this case.