### E. SARRAZIN ET AL. V. AUGUST HOTMANN.

Delivered May 5, 1897.

**Attachment—Affidavit—Defect.**

An affidavit for attachment is fatally defective where the words "plaintiff" and "his" are used in the clause stating that the plaintiff will probably lose his debt unless the attachment is issued, and there is more than one plaintiff.

APPEAL from the County Court of Fayette. Tried below before Hon. W. S. ROBSON.

*Lane & Lane* and *Max Meitzen,* for appellants.

*George Willrich,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellants sued appellee on a note for $300, which they alleged that they and appellee (they as sureties and he as principal) executed to Frank Stelzig, and that the sureties had fully paid off the same. At the same time they obtained a writ of attachment and levied it on the property of appellee. On motion of appellee the affidavit for attachment was quashed, and judgment for the debt was rendered in favor of appellants. They have appealed, the sole ground of error being the action of the court in quashing the affidavit and consequent refusal to foreclose the attachment lien.

The affidavit was made by A. T. Thanheiser, one of the appellants, and the ground upon which it was quashed was that, after describing the debt as being due to the plaintiffs, it concluded: "And that plaintiff will probably lose his debt unless such attachment be issued." It will be seen that the defect consisted in using "plaintiff" instead of "plaintiffs," and "his" instead of "their."

If this court were unhampered, it would unhesitatingly pronounce the defect an immaterial one, because it is plain that it is a mere clerical error that could in nowise impair the rights of appellee under the statute, and is a substantial compliance with the statute. But we conclude that the defect is one which in analogous cases the Supreme Court has declared to be fatal to the affidavit. In the cases of Perrill v. Kaufman, 72 Texas, 214, and Gunst v. Pelham, 74 Texas, 586, it was held that an attachment sued out against two defendants was not supported by an affidavit that "the attachment was not sued out for the purpose of vexing or harassing the defendant." If the omission of one letter vitiated the affidavits in those cases, it would follow that the omission of a letter and the sub-

stitution of the singular for the plural pronoun would invalidate it in this case. The opinions in the two cases cited were delivered through the present chief justice of the Supreme Court, and presumably will be adhered to by the present court.

The judgment will be affirmed.

*Affirmed.*