## W. T. BALL v. B. BENNETT.

Decided May 20, 1899.

**1.  Garnishment—Defendant's Right to Contest.**

The principal debtor may appear and question the sufficiency of garnishment proceedings, although the garnishee has admitted indebtedness to him and has not asked that he be made a party .

**2.  Same—Affidavit of Indebtedness.**

Where the holder of a judgment rendered against two persons as defendants therein makes affidavit that the garnishee is indebted to "the defendant," without specifying either of them or including both of them, the affidavit is uncertain and defective.

**3.  Same—Rule of Strict Construction.**

In garnishment proceedings there must be a strict compliance with the requirements of the statute.

APPEAL from Grayson.  Tried below before Hon. DON A. BLISS.

*Hamp P. Abney,* for appellant.

*A. L. Beaty,* for appellee.

RAINEY, ASSOCIATE JUSTICE.—Appellant, W. T. Ball, was the owner of a judgment rendered in the District Court of Grayson County in favor of Patty-Joiner Company against J. P. Ball and J. W. Morton.  Appellant procured the issuance of a writ of garnishment which was served on appellee, B. Bennett.  He answered that he was indebted to one of the defendants, J. W. Morton, in the sum of $22.68.  Morton appeared in said case and answered denying his liability on said judgment, and alleged that it had been paid and satisfied, and he also filed a motion to quash the affidavit and writ of garnishment, which motion was sustained and judgment rendered against appellant, that he take nothing and pay costs of suit, from which judgment this appeal is prosecuted.

The first contention of appellant is that the garnishee having answered and admitted the indebtedness, Morton could not appear and question the sufficiency of the garnishment proceedings.  Had the proceedings in garnishment been of such a nature as to fail to give the court jurisdiction, the judgment rendered against Bennett would not have been binding against Morton had he not appeared and he could have proceeded against Bennett for his debt notwithstanding such judgment.  Still we are of the opinion that Morton had the right to appear, as he was an interested party in the proceedings.  While it was not necessary for him to appear, yet it was proper for him to do so.  Bennett had the right for his own protection to have required that Morton be brought in, and we think this is the better practice in order that the rights of all interested parties be settled in the one suit.  But as Bennett did not see proper to do so, his failure did not preclude the right of Morton to make himself a party and have the matters therein finally adjudicated.  Bassett v. Garthwaite. 22 Texas, 231 ; Railway v. Whipker, 13 S. W. Rep.,

639; Turner v. Wade, 48 S. W. Rep., 542; Chinn on Attach. and Gar., secs. 664, 666.

The other question is, did the court err in sustaining the motion to quash the writ of garnishment? The affidavit for garnishment is as follows: "Now comes Hamp P. Abney, attorney for plaintiff in the above entitled cause, and respectfully shows that he is attorney for the plaintiff in a certain cause in this court, numbered 8785 on the docket thereof, and wherein J. P. Ball and J. W. Morton are defendants. That in said suit Patty-Joiner Company, a firm composed of W. F. Patty, T. D. Joiner, J. S. Fulton, Geo. W. Patty, and W. A. Harvey, recovered judgment against the said defendant on the 17th day of May, 1894, for the sum of two thousand two hundred thirty-eight and 60-100 dollars, which said judgment is still of force and unsatisfied; that on October 8, 1894, said Patty-Joiner Company transferred said judgment to plaintiff W. T. Ball, by written transfer duly acknowledged, and that said W. T. Ball is now the legal owner and holder of said judgment, and that said defendants have not within the knowledge of plaintiff, or of the person making affidavit in support of this application, property in their possession, within this State, subject to execution, sufficient to satisfy said judgment. The plaintiff has reason to believe and does believe that B. Bennett, who resides in the city of Whitesboro, Grayson County, Texas, is indebted to the defendant, and that he has in his hands effects belonging to the defendant.

"Plaintiff prays for a writ of garnishment against the said B. Bennett, and for further proceedings therein, as in like cases are provided by law."

The objections in substance to the said affidavit were that said affidavit does not show that judgment was recovered against said Morton; and it does not show whether Bennett was indebted to J. P. Ball or J. W. Morton, or both.

We are of opinion that there was no error in the court's sustaining the motion to quash the affidavit. In garnishment, as well as in attachment proceedings, there must be a strict compliance with the requirements of the statute.

There being two defendants in the original judgment, it was necessary for the affiant to specify particularly that the judgment was rendered against one or the other or both, naming the *party* of *parties* against whom rendered. The same rule applies to the requirement of the statute as to whom the garnishee is indebted. In attempting to comply with the requirements of the statute in the particulars stated, the affidavit uses the term defendant in the singular and does not specify either one of them, thereby rendering it uncertain and indefinite whether either one or both of the defendants were intended.

Our Supreme Court in passing upon a similar affidavit in attachment proceedings held the affidavit defective. Perrill v. Kaufman, 72 Texas, 214; Gunst v. Pelham, 74 Texas, 586; Bank v. Flippen, 66 Texas, 610.

We think the same principle applies to a garnishment proceeding. The judgment is affirmed.

*Affirmed.*