## C. O. RINO v. M. E. PARRISH.

Decided June 4, 1910.

**Attachment—Defective Bond.**

The omission of the word "her" in an attachment bond in the following connection "that she will pay all damages and costs as shall be adjudged against ———— for wrongfully suing out such attachment, . . ." rendered the attachment issued thereon void, and a motion to quash the same should have been sustained.

Appeal from the District Court of Eastland County. Tried below before Hon. Thos. L. Blanton.

*Earl Conner,* for appellant.

*J. R. Stubblefield,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—Mrs. M. E. Parrish recovered a judgment against C. O. Rino for six hundred and sixty-four dollars and twenty-five cents, with foreclosure of attachment lien on property belonging to the defendant, and the only errors assigned by the defendant on this appeal relate to the decree of foreclosure.

The bond filed by Mrs. Parrish, for the issuance of the writ of attachment, was conditioned "that she will pay all damages and cost as shall be adjudged against ———— for wrongfully suing out such attachment. . . ."

Sayles' Texas Civil Statutes, article 190, reads: "Before the issuance of any writ of attachment the plaintiff must execute a bond, with two or more good and sufficient sureties, payable to the defendant, in a sum not less than double the debt sworn to be due, conditioned that the plaintiff will prosecute his suit to effect, and will pay all such damages and

costs as shall be adjudged against him for wrongfully suing out such attachment."

The sureties who signed the bond could not be held liable thereon because the blank left after the word "against" in the terms of the bond quoted above rendered the obligation meaningless, and the omission was therefore fatal. Winn v. Sloan, 1 Texas Ct. Apps., sec. 1105; Solinskey v. Young, 4 Texas Ct. Apps., sec. 269 (17 S. W., 1084); City Natl. Bank of Dallas v. Flippen, 66 Texas, 610; Evans v. Tucker, 59 Texas, 249. In the case of City Natl. Bank v. Flippen, *supra,* the word "is" was omitted from an affidavit for attachment, leaving it to read: "M. V. Flippen justly indebted to plaintiff," instead of: "M. V. Flippen is justly indebted to plaintiff." On account of this defect in the affidavit our Supreme Court held that the writ of attachment issued thereon was void, and in discussing the omission said: "Because the word is necessary are we to presume that it was intended to be used? In attachment cases we can not indulge in presumptions to supply a defect which, if not supplied, prevents the affidavit from coming up to the requirements of the statute. The utmost latitude allowed in this respect is to exact only a substantial compliance with the law, or the use of language which necessarily and properly makes the case provided for the issuance of the writ. Drake on Attachment, sec. 107. But a meaningless collection of words can by no means be substantially the same as the language of the law, and does not make the case provided by the statute."

While the defect in the attachment proceedings there under discussion was in the affidavit for attachment, we think the language just quoted applies with equal force to the defect pointed out in the bond for attachment in this case. Appellant's motion to quash the writ of attachment on account of that defect in the bond should have been sustained.

Accordingly, the judgment of the trial court foreclosing the supposed attachment lien is reversed and judgment here rendered quashing the writ, as prayed for by appellant in the trial court, but in all other respects the judgment is undisturbed.

*Affirmed in part, and reversed and rendered in part.*