LIBERTY BRAND CANNING COMPANY, a corporation of the State of Delaware, *vs.* AMERICAN STORES COMPANY, a corporation of the State of Delaware.

CORPORATIONS—SERVICE ON ASSISTANT SECRETARY OF CORPORATE RESI-
DENT AGENT INSUFFICIENT.

Under 28 *Del. Laws, c.* 102, § 5, requiring as to service of process on a corporation's resident agent, that, if the latter be a corporation, the service may be made on its secretary, service on the assistant secretary is not sufficient.

(*October* 24, 1921.)

PENNEWILL, C. J., HEISEL and RICHARDS, J. J., sitting.

*James M. Satterfield* for plaintiff.

*Henry Ridgely and George M. Fisher, Jr.,* for defendant.

Superior Court for Kent County, October Term, 1921.

Foreign attachment, No. 17 October term, 1921. On motion to vacate return of service. The return of service in this case was as follows:

"Summoned American Stores Company, a corporation of the state of Delaware, by serving the within writ personally and delivered a copy thereof to Robert L. Spurgeon, assistant secretary of Corporation Guarantee & Trust Company, corporate resident agent in the state of Delaware of said American Stores Company, a corporation as aforesaid, on the 20th day of August, 1921, it being more than six days before return day; the president or other head officer of said American Stores Company, a corporation as aforesaid, not residing in the state of Delaware.
"So ans.                    Joseph H. Gould, Sheriff."

28 *Delaware Laws, p.* 288, §5, prescribes the mode and manner of service of legal process on corporations. It requires that service be made either on the president, or, if he lives out of the state, on the secretary or one of the directors of the defendant corporation—

"or upon the resident agent in charge of the principal office of the company in this state. * * * If such resident agent be a corporation, service of process upon it as such agent may be made by serving a copy thereof on the president or secretary or any director of said corporate resident agent."

In 1 *Woolley on Delaware Practice,* § 191, it is stated:

"With respect to service upon corporations created under the General Corporation Act, there is no doubt that the method of service is such and is only such as is stated in the foregoing provision, and any return upon a writ which shows that the service was made not in strict conformity with one of the several provisions of this section, will, on motion, be vacated and set aside."

Again, at *section* 201, the same author states:

"The officer must simply state the manner of service. This statement must be in some intelligible form of expression, and must show, without resort to extraneous evidence, that the acts of the officer were responsive to the mandate of the writ, and that the service complied fully with every requirement of the law pertaining to service."

Again, at *section* 213, the same author states:

"If the service is made upon an officer of a corporation, other than such an officer contemplated by the statute, the court will, on motion, set the return aside."

In 3 *Thompson on Corporations* (2d *Ed.*) § 3056, it is stated that:

"The cases are both numerous and unanimous on the proposition that, where a particular method of serving process is provided by statute, that method must be followed. The rule is said to be especially exacting in reference to corporations. It is also the rule in connection with the service of process on corporations, that when a statute designates a particular officer, or a particular person, or class of persons, on whom the process shall be served, the direction must be followed, and no other officer or person can be substituted in his place. The very designation of one particular officer for such service excludes all others."

In *Winslow v. Staten Island R. R. Co.*, 51 *Hun* 298, 4 *N. Y. Supp.* 169, the return showed service on the assistant treasurer.

*Section* 431 of the New York Code provided for service of a summons upon a defendant being a domestic corporation by delivering a copy thereof—

"within the state, to the president or other head of the corporation, to the secretary or clerk of the corporation, or the cashier, treasurer, director or managing agent."

The court held there was no sufficient service. At page 300 of 51 *Hun* (4 *N. Y. Supp.* 170) the court say:

"But where the statute prescribes that jurisdiction is to be obtained in a particular way, then the requirements of the statute must be complied with or jurisdiction cannot be acquired. If there are any hardships under the law, it is not for the courts to amend the statute, because that is a duty which is imposed upon the Legislature."

In *Karns v. State Bank & Trust Co.*, 31 *Nev.* 170, 101 *Pac.* 564, the court said:

"The return of the sheriff states that he personally served the summons on the State Bank & Trust Company, a corporation, by delivering to and leaving with C. H. Wise, the assistant cashier and managing agent of said State Bank & Trust Company, a corporation, the president, secretary, and cashier being absent from and non-residents of Esmeralda county."

The statute provided that:

"Service upon a corporation organized under the laws of this state shall be upon the 'president or other head of the corporation, secretary, cashier or managing agent thereof.' "

The service was held insufficient.

Counsel for the plaintiff, the Liberty Brand Canning Company, admitted that the service was insufficient.

Per Curiam.   It is ordered that the return of service in this case be vacated and set aside.

---

The State of Delaware, for the use of Charles C. Harley, *vs.* Fidelity And Deposit Company of Maryland, a corporation of the State of Maryland.

Pleading—Causes of Action on Two Bonds to be Set Out in Different Counts.

While several causes of action of the same nature may be joined in one suit and in one declaration, they must be set out in different counts, and a demurrer was properly sustained to a declaration, where plaintiff declared in one count on two bonds conditioned for payment of labor, etc., performed in construction of different sections of a state highway under independent contracts.

(*November* 18, 1921.)

Rice and Harrington, J. J., sitting.
*P. Warren Green* for plaintiff,
*Herbert H. Ward* (of Ward, Gray & Neary), for defendant.

Superior Court for New Castle County, November Term, 1921.

Summons Debt, No. 110, January Term, 1921.

The plaintiff declared in one count on two bonds given by the defendant as surety for Kaufman and Garcy to the State of Delaware. The conditions of both bonds are set out in the declaration. It appears that one is conditioned for the payment of all