**WALKER et al. v. ILLINOIS TORPEDO CO.**
**(No. 11267.)**

(Court of Civil Appeals of Texas.    Fort Worth.
June 20, 1925.    Rehearing Denied
Nov. 14, 1925.)

1. **Associations** ⊜═20(4) ▬ **Corporations** ⊜═
509(6)—**Service on assistant secretary held
ineffective.**

Service of writ of garnishment, under Rev.
St. 1911, art. 1860, as shown by sheriff's return
under article 278, is ineffective, where made on
assistant secretary of corporation or associa-
tion.

2. **Garnishment** ⊜═97 ▬ **Sureties on replevy
bond have same right to complain of insuffi-
ciency of service of garnishment as princi-
pals.**

Under Rev. St. 1911, art. 279, providing
that defendant in original suit, who replevies
property garnisheed, may make any defense to
garnishment proceedings which garnishee could
have made, sureties on replevy bond have same
right to complain of insufficiency of service of
writ of garnishment as their principal.

3. **Garnishment** ⊜═97—**Replevy by defendant
in original suit of funds garnisheed held not
to operate as estoppel or waiver of right to
question sufficiency of garnishment proceed-
ings.**

Replevy by defendant in original suit of
funds owing to him by garnishee does not oper-
ate as an estoppel or waiver of right given de-
fendant under Rev. St. 1911, art. 279, to ques-
tion sufficiency of garnishment proceedings.

Appeal from District Court, Tarrant
County; Bruce Young, Judge.

Suit by the Illinois Torpedo Company
against J. L. Walker and others. Judgment
for plaintiff, and defendants appeal. Re-
versed and rendered.

Wynn & Robertson, of Fort Worth, for
appellants.

Claude H. Rogers and R. C. Fuller, both
of Fort Worth, for appellee.

DUNKLIN, J. This suit is a proceeding
in garnishment to collect a judgment there-
tofore recovered by the Illinois Torpedo
Company against the Phœnix Oil Company
and the Phœnix Petroleum Company, joint-
ly and severally, for the sum of $747.92.
The writ of garnishment was sued out by
the Illinois Torpedo Company against the
United Producers' Pipe Line Company as
garnishee. The garnishee filed an answer,
admitting an indebtedness of $809.44 owing
by it to the Phœnix Oil Company, and the
sum of $1,134.81 owing by it to the Phœnix
Petroleum Company. After the writ of gar-
nishment was served, the Phœnix Oil Com-
pany and the Phœnix Petroleum Company
filed a replevy bond to replevy the sums of
money which the garnishee admitted in its

answer to be owing to those companies, and
J. L. Walker and W. L. Carr were sureties
on that bond. Upon the filing of that bond,
the garnishee paid over to the two compa-
nies who filed it the amounts of money which
it admitted was owing to them. After the
replevy of those amounts, the Phœnix Oil
Company and the Phœnix Petroleum Com-
pany and Walker and Carr, the sureties on
the replevy bond, filed a motion to quash
the garnishment proceedings on several
grounds, including alleged defects in the af-
fidavit for garnishment, in the writ of gar-
nishment and in the service of the writ as
shown by the officer's return thereon. That
motion was overruled, and upon final trial
judgment was rendered in favor of the Illi-
nois Torpedo Company upon the answer of
the garnishee against the Phœnix Oil Com-
pany and the Phœnix Petroleum Company
and Walker and Carr, their sureties on the
replevy bond, for the sum of $747.92, the
amount of plaintiff's recovery in the original
suit, which was less than the aggregate
which the garnishee admitted owing to the
two companies. From that judgment Walk-
er and Carr, the sureties on the replevy
bond, have prosecuted this appeal.

[1] There is no merit in appellants' con-
tention that the affidavit of the garnishment
did not sufficiently allege the residence of
the garnishee, or in the further contention
that the writ of garnishment was not in
statutory form. But we are of the opinion
that the further contention that the service
of the writ of garnishment, as shown by the
sheriff's return on the writ, was not in com-
pliance with the statutes, and was therefore
ineffective, should be sustained. It is stated
in the return that the writ was executed "by
serving United Producers' Pipe Line Compa-
ny by delivery a true copy to its Asst. Sec.
E. A. Bellis."

Article 1860, Rev. Statutes, reads in part
as follows:

"In suits against an incorporated company or
joint-stock association, the citation may be
served on the president, secretary or treasurer
of such company or association, or upon the lo-
cal agent representing such company or associ-
ation in the county in which suit is brought, or
by leaving a copy of the same at the principal
office of the company during office hours."

Article 278, Rev. Statutes, reads as fol-
lows:

"The sheriff or constable receiving the writ
of garnishment shall immediately proceed to
execute the same by delivering a copy thereof
to the garnishee, and shall make return thereof
as of other citations."

It thus appears that the statutes do not
authorize the service of the writ of garnish-
ment upon an assistant secretary of a cor-
poration or association; and, even though
the words "Asst. Sec." in the officer's return

be construed as meaning "assistant secretary," the service upon such a representative was not in compliance with the statutes.

In Insurance Co. of North America v. Friedman, 74 Tex. 56, 11 S. W. 1046, it was said:

"It is not upon the filing of a proper affidavit and issuance of a valid writ of garnishment that a creditor secures a right or can be said to have or prosecute a cause of action against one indebted to his debtor. That right attaches when through the process provided by law the creditor suing it out has acquired the right to have the money or thing in the hands of the garnishee and due or belonging to his debtor appropriated to the debt due by the latter. 'Garnishment rests wholly upon judicial process and depends upon the due pursuit of the steps prescribed by law for its prosecution. It can borrow no aid from the volunteered acts of the garnishee. Such acts will be regarded as void so far as they interfere with the rights of third persons.' "

To the same effect are the decisions in the following cases, in addition to many others which might be cited: Harrell v. Mexican Cattle Co., 73 Tex. 616, 11 S. W. 863; Gilbert Book Co. v. Pye, 43 Tex. Civ. App. 183, 95 S. W. 8; First Nat. Bank .v. Cole (Tex. Civ. App.) 264 S. W. 926; Tompkins Mach. & Imp. Co. v. Schmidt (Tex. Sup.) 16 S. W. 174; Ball v. Bennett, 21 Tex. Civ. App. 399, 52 S. W. 618.

In Latham Co. v. Radford Gro. Co., 54 Tex. Civ. App. 510, 117 S. W. 909, this court held that the service of citation upon the "manager" of a corporation would not support a default judgment against the corporation, since article 1860 did not authorize service upon such a representative, and since it could not be assumed that the manager of the company was either president, secretary, treasurer, or agent of the company. To the same effect was the decision in the case of Tompkins Mach. & Imp. Co. v. Schmidt (Tex. Sup.) 16 S. W. 174.

In Liberty Brand Canning Co. v. American Stores Co., 1 W. W. Har. (Del.) 492, 115 A. 193, the superior court of Delaware held that service of process on an assistant secretary was not sufficient under a statute authorizing service upon the secretary of the corporation. In the opinion in that case numerous decisions of other states are cited in accord therewith, including Winslow v. Staten Island R. R. Co., 51 Hun, 298, 4 N. Y. S. 169, in which it was held that service upon the "assistant treasurer" of a corporation was not sufficient to bind the corporation under a statute authorizing service upon the "treasurer." And in the latter case the court said:

"But where the statute prescribes that jurisdiction is to be obtained in a particular way, then the requirements of the statute must be complied with or jurisdiction cannot be acquired. If there are any hardships under the law, it is not for the courts to amend the statute, because that is a duty which is imposed upon the Legislature."

See, also, Fletcher on Corporations, vol. 4, pp. 4429, 4437, 4477, and other cases there cited.

[2] By article 279, Rev. Statutes, it is expressly provided that, when the defendant in the original suit replevies effects that have been reached by service of a writ of garnishment, he may make any defense to the garnishment proceedings which the garnishee could have made.

[3] In Fleming v. Pye, 43 Tex. Civ. App. 176, 95 S. W. 594, it was held that such a defendant was entitled to assert defects in the writ of garnishment after he had given such a replevy bond, and that it mattered not what disposition he made of the funds replevied. We believe that the sureties on the replevy bond stand in the same shoes as their principals under the statute referred to, and that they have the same right to complain of the insufficiency of the service of the writ of garnishment. We also concur in the decision in Fleming v. Pye that the replevy of the funds owing by the garnishee in this case did not operate as an estoppel or waiver of the plain statutory right given a defendant to question the sufficiency of the garnishment proceedings to impound the funds sought to be reached.

Accordingly, we are of the opinion that the judgment of the trial court against appellants should be reversed, and judgment should be here rendered that plaintiff take nothing as against them, and it is so ordered.