## FIRST STATE BANK OF MATHIS v. McCOY et al. (No. 8169.)

Court of Civil Appeals of Texas. San Antonio. March 6, 1929.

Rehearing Denied April 24, 1929.

J. C. Houts, of Sinton, and Kleberg & North, of Corpus Christi, for appellant.

J. G. Cook, of Sinton, for appellees.

SMITH, J. The controlling question presented by appellant is that of whether or not an allegation in an affidavit for writ of garnishment that the writ is not "sued out to injure either the defendant or the garnishee" is sufficient, where there is more than one defendant whose property is sought to be impounded. The statute requires that the affidavit for garnishment must contain a statement that the writ "is not sued out to injure either the defendant or the garnishee."

It must be conceded that the statutory requirements in this summary proceedings must be substantially pursued and strictly construed, even as in cases of attachment. Willis v. Lyman, 22 Tex. 269; Scurlock v. Ry., 77 Tex. 478, 14 S. W. 148.

The purpose of the suit was to recover jointly against two defendants, and garnishment was resorted to for the purpose of impounding the property of both. This being true, it was incumbent upon the plaintiff in garnishment to show affirmatively in his affidavit that the writ was not sued out to injure either of the defendants, and the allegation that it was not sued out to injure "the defendant," there being more than one, is insuffi-

cient. United States Fid. & Guar. Co. v. Warnell (Tex. Civ. App.) 103 S. W. 690. In the cited case it was said by Chief Justice James of this court that "the statute requires that the affidavit shall state, among other things, that the garnishment 'is not sued out to injure either the defendant or the garnishee.' Here there were two garnishees, and the affidavit was that the writ was 'not sued out to injure either the defendants or the garnishee.' Which garnishee? We think it clear that its failure to use language which included both garnishees was not in accordance with the statute and was fatal to the proceeding."

In an attachment case it was said by Judge Gaines, in Perrill v. Kaufman, 72 Tex. 214, 12 S. W. 125, that "the object of the affidavit is to protect the debtor both by an appeal to the conscience of the affiant and by holding up before him the penalties of perjury. Therefore we are not permitted to resort to presumptions as to what the affiant intended to swear, but must be governed by what he has sworn as shown by the language employed. Applying this rule, the affidavit under consideration is insufficient. There were two defendants. Before the plaintiffs were entitled to an attachment they were required to make oath that it was not sued out for the purpose of injuring or harassing either of them. If it had said 'defendants' it would have been reasonably certain that it was meant the attachment was sued out to injure or harrass neither, but having said 'defendant' it means one and not the other. Could the affiant be prosecuted for perjury if it could be shown that the purpose of the affiant was to injure Perrill or that it was to harass Fox only? Might not the affiant have sworn as he has sworn with a good conscience although it was his purpose to injure or harass the one and not the other?"

The same reasoning applies with equal force to an affidavit for garnishment. Other cases cited by appellees are: Gunst v. Pelham, 74 Tex. 586, 12 S. W. 233; Kildare Lumber Co. v. Bank, 91 Tex. 95, 41 S. W. 64; Doty v. Moore (Tex. Sup.) 112 S. W. 1038; Buerger v. Wells, 110 Tex. 566, 222 S. W. 151; Ball v. Bennett, 21 Tex. Civ. App. 399, 52 S. W. 618; Smith v. Bank (Tex. Civ. App.) 140 S. W. 1145; Barker v. Bank (Tex. Civ. App.) 248 S. W. 478; Voelkel-McLain v. Bank (Tex. Civ. App.) 296 S. W. 970; Spencer v. Davis (Tex. Civ. App.) 298 S. W. 443. The trial court properly sustained appellees' motion to quash the garnishment.

■ The note sued on was not executed by Mrs. McCoy, but by her husband only. The cashier of appellant bank testified upon the trial that, some two months after her husband executed and delivered the note to appellant, Mrs. McCoy agreed, apparently orally, to pay the note. Upon this testimony, the trial court rendered judgment jointly against Mrs. McCoy and her husband. Recitals in the judgment disclose that the court rendered judgment against Mrs. McCoy solely upon that testimony, thus rendering the matter apparent of record, requiring it to be noticed on appeal, as presenting fundamental error. It is obvious, we conclude, that the case as to Mrs. McCoy is brought clearly under the ban of the statute of frauds, requiring written agreement or memorandum to support an action to charge any person upon the debt, default, or miscarriage of another. Section 2, art. 3995, R. S. 1925. Apparently there is nothing in the record to establish any theory upon which Mrs. McCoy may be held upon the note.

■ It further appears from appellees' cross-assignments of error that the suit was to recover jointly of McCoy and his wife upon the note, and separately of McCoy for the amount of an overdraft alleged to be owing by him, separately and individually, to the bank. Appellees excepted specially to appellant's petition upon the ground that the overdraft item, as against McCoy alone, was improperly joined in the suit against both defendants, jointly, upon the note. The exception pointed out an obvious misjoinder of causes, and should have been sustained. Appellant could have amended, omitting the overdraft item, thus obviating the necessity of action upon appellees' plea in abatement on account of misjoinder.

The trial court properly sustained appellees' motion to quash the writ of garnishment, and to that extent the judgment must be affirmed, but in all other respects will be reversed, and the cause remanded for further proceedings consistent with this opinion.

Affirmed in part; in part reversed and remanded.