## SURF CAP CO. et al. v. B. F. GOODRICH RUBBER CO. (No. 2256.)

Court of Civil Appeals of Texas. El Paso. April 18, 1929.

W. H. Flippen and H. P. Abney, Jr., both of Dallas, for plaintiffs in error.

W. B. Handley, of Dallas, for defendant in error.

WALTHALL, J. The B. F. Goodrich Rubber Company, a foreign corporation, and doing business in Texas as such corporation, and having a local agent in this state at Dallas, Tex., brought this suit against Surf Cap Company, a foreign corporation, and Charles E. Logan, its local agent and president, resident in Dallas, Tex., to recover upon a promissory note due and payable, principal, interest, and reasonable attorney's fee, and stated in the note, in the sum of $9,434.15, and, at the time of bringing suit on the note, sought and obtained a writ of attachment against the Surf Cap Corporation and levied upon certain personal property of the corporation, property of said corporation, fully set out and described in the return of the officer in his return on said writ of attachment.

Plaintiffs in error duly appeared, and, for the purpose specially and solely of filing the motion, state in said motion that the affidavit for the attachment, and bond for the attachment filed in the cause by the plaintiff, defendant in error here, are wholly insufficient in form and contents, and, for the reasons stated, moved the court to quash and hold for naught the attachment proceedings had in the cause. The trial court overruled said motion. Defendants, plaintiffs in error here, otherwise made no personal appearance or filed answer on the trial, and judgment by default was duly entered against each for the amount due upon the note, and foreclosing the attachment lien upon said attached property, and within the time required by law. Plaintiffs in error prosecute their writ of error, and the case is now properly before this court for review and correction solely as to the portion of the judgment overruling the motion to quash the attachment and entering judgment foreclosing the attachment lien as it existed on the day of the issuance of the writ and levy. Plaintiffs in error say that the sole question involved in the appeal in their one assignment of error is whether the trial court had jurisdiction to issue the writ of attachment upon the affidavit for the attachment.

The affidavit for the attachment and upon which the writ was issued did not state in words, or words of like meaning that, "the attachment is not sued out for the purpose of injuring or harassing the defendant," as provided by article 276 of the Revised Civil Statutes 1925. The statute requires the affidavit to make said statement in addition to the other ground for the writ.

The affidavit is obviously defective in omitting the substantial particular stated. City Nat. Bank of Dallas v. Flippen, 66 Tex. 610, 1 S. W. 897; Focke v. Hardeman, 67 Tex. 173, 2 S. W. 363; Moody v. Levy, 58 Tex. 532; Perrill v. Kauffman, 72 Tex. 214, 12 S. W. 125.

The judgment of the trial court will here be reversed and reformed so as to dissolve the attachment and set aside the proceedings thereunder and judgment of foreclosure, but not disturbing the judgment otherwise; the defendant in error paying the cost of this appeal.

Reversed and reformed.