S. W. GRIGGS et al., Appellants,

v.

J. W. CURRY, Appellee.

No. 3707.

Court of Civil Appeals of Texas.

Waco.

May 19, 1960.

Rehearing Denied June 9, 1960.

J. S. Simkins, Corsicana, for appellants.

Bowlen Bond, Teague, for appellee.

WILSON, Justice.

Defendant in this trespass to try title action filed pleas of not guilty and limitation, with a cross-action alleging plaintiffs conveyed the land to his predecessor in title, N. S. Curry, by warranty deed in 1927, in consideration of cancellation of two notes. Plaintiffs countered with allegations the deed was intended as a mortgage to secure pre-existing indebtedness which N. S. Curry claimed they owed, but which they had previously paid; that they subsequently delivered personalty to Curry in satisfaction of the debt claimed, for which he promised to execute a release; that he failed to execute the release.

The jury found the deed was not given to secure a debt, and found for defendant on ten and twenty-five year limitation issues. Judgment was rendered for defendant.

■ Plaintiffs say the court erred in overruling their motion for instructed verdict because the undisputed evidence established as a matter of law that the deed was to secure a debt. Plaintiffs showed they had paid N. S. Curry various sums of money before the deed was executed. They introduced evidence that they delivered cotton and livestock to him in 1937 when Curry told one of appellants that he would "give a release note to the debt that he owed". Plaintiffs pleaded they acquired the land involved in 1917 and by 1922 had reduced the indebtedness, which was then "taken over by" Curry, to $157. There was testimony this was the only debt they owed to Curry. There was evidence to the contrary. It may be doubted that the evidence raised the issue of mortgage vel non. It certainly did not entitle plaintiffs to an instructed verdict.

It is said there is no evidence supporting the findings on the issues of limitation. Appellants point to evidence which would have supported a contrary finding. Appellee's evidence from five witnesses, consuming approximately 117 pages in the record, adequately supported the verdict.

■ Complaint is made of admission in evidence of a certified copy of a document dated and recorded in 1934 purportedly signed and acknowledged by appellants S. W. Griggs and E. M. Griggs. It was addressed to a mineral lessee and stated appellants did not own or claim the land in question and that they had sold it "to Mr. Curry on March 7, 1927, for a valuable consideration to us paid by N. S. Curry." The instrument was filed among the papers as required by art. 3726, Vernon's Ann.Civ. Stats. An affidavit by one of appellants, S. W. Griggs, was timely filed which stated he believed the instrument to be a forgery; that he did not sign it, and did not authorize, or consent to, its execution. Defendant offered the instrument solely as the admission of E. M. Griggs.

Plaintiffs' objections to the instrument were that it was secondary and not the best evidence, was hearsay, an ex parte statement and that the lessee was available as a witness. These objections were overruled and the instrument was admitted in evidence limited to appellant E. M. Griggs. Defendant thereupon offered the instrument "in its entirety as made by both plaintiffs S. W. Griggs and E. M. Griggs." Appellants then objected that there was "no proof the

original was not available for the purpose of letting the jury see whether or not" plaintiffs signed it. The court again limited the admission to E. M. Griggs. Appellants then objected that the wives of appellants were not parties to the instrument; that it should not be admitted "as the affidavit of one party when it purports to be the affidavit of the two Griggs boys"; that if not admissible as to one, it was not admissible as to the other. These objections were overruled and the court again limited admission.

Appellants here rely on the settled rule that a forgery affidavit under art. 3726 casts upon the offering party the burden of proving execution. They say that if the instrument was not admissible as to S. W. Griggs, it was not admissible as to E. M. Griggs, since both purportedly signed.

The affidavit of forgery was not called to the court's attention in the course of these objections. Such was the case in Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S.W. 533, 536, where it was held the instrument was properly admitted notwithstanding a forgery affidavit, as against objections which did not direct attention to it. However, the statute requires "the opposite party * * * or some other person for him" to file an affidavit stating that he believes the instrument to be forged. E. M. Griggs testified at the trial. As an "opposite party" he filed no affidavit of forgery. S. W. Griggs does not purport, in his affidavit, to be acting for E. M. Griggs. He carefully restricts his affidavit: "the purported instrument was not signed by *affiant,* or executed by him, nor by any person authorized by him to sign or execute it."

The applicable rule was announced by Justice Gaines in Perrill v. Kauffman, 72 Tex. 214, 12 S.W. 125, where an affidavit for attachment referred to "defendant" rather than the plural defendant*s*:

"We are not permitted to resort to presumptions as to what the affiant intended to swear, but must be governed by what he has sworn, as shown by the language employed. Applying this rule, the affidavit under consideration is insufficient. There were two defendants."

Under this record the admission of the instrument, as limited, was not error.

■ Appellants assign error to the overruling of their motion for new trial on the ground of newly discovered evidence. Attached to the motion was the affidavit of a witness living in the adjoining county, which recited he was the son of N. S. Curry; that about 1937 he heard his father state the Griggs boys had paid him in full all they owed him and he was giving them "a full release of their land, which I understood had been put up to secure their indebtedness to him."

The motion was verified by appellant S. W. Griggs alone. He stated "he did not know" where the witness lived, but understood he was possibly in Corsicana, and "he knew of nothing that could lead him to believe" the witness could be of benefit. The affidavit of the witness stated he knew S. W. Griggs had no reason to think "I know anything that would benefit him." The motion and affidavit did not specify what knowledge the other appellant, E. M. Griggs, had, or what diligence he used. It is obvious much of the contents of the affidavit would not have been admissible in evidence. Much of it was cumulative on the limitation issues and the matter of payments made to Curry. Testimony of his "understanding" on the mortgage issue is inadmissible. The showing of diligence is equivocal. The record shows evidence was introduced on the hearing on the motion for new trial. This evidence is not before us. We cannot determine the court's action was erroneous. 31 Tex.Jur., Secs. 85–87, 95, 98.

Appellants' points have been carefully considered and are overruled. Affirmed.